**BUCKNER et al. v. DILLARD et al.**

No. 21616.   Opinion Filed Nov. 24, 1931.

Jones & Randolph, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

LESTER, C. J. This cause is before the court on motion to vacate the award of the Industrial Commission for the reason that the petitioner has been unable to secure a transcript of the proceedings before the Commission. The motion to vacate is verified by E. R. Jones, one of the attorneys for the petitioners.

The motion shows that the petitioners in the month of August, 1930, filed their petition to review an award entered by the State Industrial Commission on the 15th day of July, 1930; and that the petitioners on August 18, 1930, filed in this court their verified motion advising the court that the evidence tending to support the findings of the Commission had never been transcribed by the stenographer provided by the Commission in taking said evidence; and that the evidence consisted of several witnesses; that the petitioners had ordered from the secretary of the State Industrial Commission a copy of said record and offered to pay the cost of securing the same; that this court on September 9, 1930, made and entered an order directing the Industrial Commission to forthwith certify to this court a transcript of the proceedings had before the said Industrial Commission. Notwithstanding this order the State Industrial Commission has failed to file its transcript of the evidence in said cause.

Petitioners further state that after the filing of said petition for review they sought and obtained an order from this court allowing 20 days after the filing of the transcript within which to file briefs; that since the making of the last order they have repeatedly sought to obtain a copy of the said evidence; that they have written many letters to the secretary of the Industrial Commission and numerous letters to the stenographer that took the evidence; that petitioners state that they have applied many times in person to said stenographer and reporter seeking a copy of the evidence, and notwithstanding the order of this court and repeated requests of the petitioner, the evidence has never been supplied.

The petitioners further state in their motion that the evidence would reveal to this court that the award was not justified, and the petitioners further state that they have tried to obtain the record in order that

they might submit this cause to this court and through no fault of the petitioners they have been unable to secure said transcript.

The Attorney General in behalf of the Industrial Commission filed its response to the motion to remand said cause to the Industrial Commission and state in part:

"That the stenographer who took the shorthand notes and the testimony is not now and has not been for sometime in the employ of the Industrial Commission and for that reason the Commission has been unable to comply with the order of the court; said respondent, therefore, agrees with the petitioner that this cause should be remanded because of the failure to furnish transcript of the proceedings had thereon."

Under authority of section 2 of art. 7, of the Constitution of Oklahoma, which provides, in part:

"The original jurisdiction of the Supreme Court shall extend to general superintending control over all inferior courts and all commissions and boards created by law."

—also, 4 Cyc. 1118:

"Sometimes a cause is remanded without decision for an entire new trial, as where, by reason of loss of papers or for other reasons, the record is in such shape that an intelligent disposition of the cause cannot be made by the appellate court"

—the award is vacated and a new hearing ordered.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.