## HARRY TIDD CONSTRUCTION CO. et al. v. MEADE et al.

No. 21937.    Opinion Filed March 29, 1932.

Clayton B. Pierce, for petitioner.

J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

PER CURIAM. This cause is before the court on motion of the respondent to remand the cause to the Industrial Commission for a new hearing, for the reason that they have been unable to secure a transcript of the proceedings before the Commission. The motion is filed by the Attorney General and supported by the affidavit of the Secretary of the Industrial Commission. No response or objection thereto has been filed by the petitioner.

The motion sets out that the petitioners filed appeal in this court on November 25, 1930, and on the 16th day of December, 1930, this court ordered the Industrial Commission to certify to said court a complete transcript of the proceedings had in said case before said Industrial Commission; that the Commission is unable to comply with said order for the reason that the stenographer who took the testimony in said cause in shorthand is no longer under its supervision and control; that the respondents have repeatedly requested said stenographer to transcribe her notes so that the proceedings had before the Commission could be certified to this court, but she has refused, failed and neglected to do so; and respondents pray that this case be remanded to the Industrial Commission for a new hearing. The affidavit of Chester Napp, Secretary to the Commission, states that he has requested the reporter who took the notes and the evidence of the witnesses who testified therein to transcribe her shorthand notes so that a certified transcript of the proceedings had in said cause before the Industrial Commission could be filed in the Supreme Court, but that she has failed and refused to comply with the request, and for said reason the Industrial Commission is unable to comply with the order of this court.

Among other things, petitioner assigns as error that the order and award is not supported by any evidence; that there is no evidence supporting the conclusion that the respondent Meade was temporarily totally disabled for a period of 300 weeks following the alleged injury of August 7, 1922. The motion to remand filed by the respondents tacitly admits that the transcript of the proceedings before the Industrial Commission is necessary for the determination of the cause in this court.

In Buckner v. Dillard, 153 Okla. 145, 5

P. (2d) 360 this court, quoting from the syllabus, said:

"Where a petitioner, wholly without fault of his own, is unable to secure a transcript of the proceedings before the Industrial Commission and such transcript is necessary for the determination of the cause in this court, the award will be vacated and a new hearing ordered."

And in the opinion it is said:

"Under authority of section 2, art. 7 of the Constitution of Oklahoma, which provides, in part: 'The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law'."

Also, in 4 Cyc 1118:

"Sometimes a cause is remanded without decision for an entire new trial, as where, by reason of loss of papers or for other reasons the record is in such shape that an intelligent disposition of the cause cannot be made by the appellate court."

The motion to remand is sustained, the award is vacated, and the cause remanded to the Industrial Commission for a new hearing