WILKERSON CHEVROLET, INC., and Universal Underwriters, Petitioners,

v.

Floyd G. MACKEY and State Industrial Court, Respondents.

No. 39465.

Supreme Court of Oklahoma.

Nov. 7, 1961.

Ungerman, Grabel, Ungerman, Leiter & Unruh, Tulsa, for petitioners.

Claud Briggs, Oklahoma City, George D. Willhite, Sapulpa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On the 4th day of April, 1960, Floyd G. Mackey, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Wilkerson Chevrolet, Inc., hereinafter called employer, he sustained an accidental injury to his wrist and hand. An award was entered for 10 per cent permanent partial disability to the hand. This proceeding is brought by the employer and its insurance carrier, Universal Underwriters, hereinafter called petitioners, to review the award.

Claimant testified that on May 29, 1959, he was servicing a motor vehicle when the hood fell against his wrist and forearm. He lost no time due to this injury but was treated by Dr. B who testified that claimant sustained a fracture one-half inch above the wrist and by reason thereof sustained 15 per cent permanent partial disability to the hand and forearm.

It is first argued that the trial judge erred in accepting the deposition of Dr. M as to the permanent disability to the hand. The hearing was held May 5, 1960. Near the conclusion of this hearing it was stated by the trial judge that as far as the wrist was concerned the case would be submitted

on the cross-examination of Dr. W by deposition. At that time there had been introduced the reports of Dr. P for claimant and Dr. W for employer. Claimant had in all three cases pending before the State Industrial Court against this same employer. After notice to employer the claimant took the depositions of Dr. B, Dr. W and Dr. M on July 14 and August 2, 1960, involving all these claims. Counsel for employer made no objection to taking the depositions of Dr. B and Dr. W. During the taking of the testimony of Dr. M the following statement was made by counsel for petitioners:

"Mr. Ungerman: For the purpose of the record, we will object to the testimony of Dr. M. * * * as to any alleged arm or wrist injury on the grounds that that case has been closed."

■ Thereafter the doctor testified that he had examined claimant and found a disability to the hand and forearm of 30 per cent and that this disability was permanent. Counsel for petitioners cross-examined the doctor fully on that point. No further hearings were conducted and the award was entered October 11, 1960. We find no substantial error which would cause a reversal of the award because of this proceeding. We have repeatedly held that the rule to be applied is that all parties are entitled to a full and complete hearing and if that has been accorded, then technical errors will be disregarded. Barfield v. Morris, Okl., 311 P.2d 235; Bland v. Eagle-Picher Co., et al., Okla., 356 P.2d 1097. Petitioners waived any objection to the testimony of Dr. B which was taken on July 14, 1960. In this respect we must treat the case as reopened by consent of the parties. The testimony of Dr. M was merely cumulative. The award was for 5 per cent less than that disability set by Dr. B. The error in filing or admitting the deposition, if any, was harmless.

■ In the two other propositions petitioners argue the evidence is insufficient to support the finding of the State Industrial Court that claimant has a permanent partial disability due to the accidental injury. The evidence is in conflict as to whether the fractured wrist or forearm healed so that there was no longer any disability or whether there was a residual disability. Petitioners assert the evidence discloses, without dispute, that any disability is due to the elbow and that the disability is not due to the accidental injury. We do not agree. The evidence is undisputed that claimant sustained an accidental injury to the wrist and forearm. Any injury below the elbow may be compensable as a disability to the hand. The conflict in the evidence was resolved by the State Industrial Court in favor of claimant and under the decisions of this court the finding based thereon will not be disturbed on review. In City of Kingfisher, et al. v. Jenkins, et al., 168 Okl. 624, 33 P.2d 1094, it is stated:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not be disturbed."

And, in Standard Roofing & Material Co. v. Mosley, et al., 176 Okl. 517, 56 P.2d 847, it is stated:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

■ There is competent evidence reasonably tending to support the finding of the State Industrial Court that claimant has a 10 per cent permanent partial disability to the hand as a result of the accidental injury of May 29, 1959.

Award sustained.