Johnny W. WILLSON, Petitioner,

v.

STATE INDUSTRIAL COURT, and Special
Indemnity Fund, Respondents.

No. 42730.

Supreme Court of Oklahoma.

March 4, 1969.

Rehearing Denied April 8, 1969.

Hutchins & Deatherage, David E. Deatherage, Tulsa, for petitioner.

Sam Hill, Moraul Bosonetto, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

JACKSON, Justice.

Petitioner (Claimant), Johnny W. Willson, seeks review of the State Industrial Court's order denying him an award against the Special Indemnity Fund. The Court en banc in denying an award approved and

adopted the order of the trial judge who held as follows:

"The Trial Judge, having considered the evidence, records on file, and being well and fully advised in the premises, finds, orders, adjudges, and decrees, as follows:

"1. That the bodily injuries which claimant herein seeks to combine to recover compensation in a claim against the Special Indemnity Fund cannot legally be combined for such purposes unless such combination of injuries results in permanent and total disability. •

"2. That claimant is not permanently and totally disabled from the injuries alleged in asserting his claim against the Special Indemnity Fund.

"3. It is therefore ordered that Claimant's claim against the Special Indemnity Fund is denied."

Claimant's petition for review, with the above order attached, was filed within the time allowed by statute but claimant has not filed a transcript of the proceedings befor the Industrial Court other than the order above quoted.

Claimant urges that only a legal question is presented and invites attention to Rule 52, Rules of the Supreme Court of Oklahoma, Chapter 15, Appendix (Vol. 1, Page 868, O.S.1961) wherein it is provided that the hearing in this Court shall be "upon the proceedings had before the Commission, or so much thereof as may be necessary to present for review the questions raised by the petition and answer."

■ Respondent, State Insurance Fund, invites attention to the provisions of 85 O.S. 1961, Section 29, as amended in 1963 and 1967, wherein it is provided:

"* * * The Supreme Court shall require the appealing party to file within forty-five (45) days from the date of the filing of appeal or order appealed from a transcript of the record of the proceedings before the State Industrial Court, or upon application and for good cause shown, the Court may extend the time for filing said transcript of the

record for a period of time not to exceed ninety (90) days from said date, * *."

Respondent argues that Section 29, as amended, contemplates a full and complete transcript of the proceedings before the Industrial Court. We are of the view that it was not the intention of the Legislature to mandatorily require a complete transcript of those portions of a bulky transcript of proceedings which have no possible bearing upon the questions to be presented either in the petition for review or answer. However, we are of the view that Section 29, supra, as amended, clearly places the burden upon the party who seeks review to include so much of the record and proceedings before the Industrial Court as may be necessary for this Court to review all questions raised by the petition for review and the answer of respondent. The positive command of Section 29, as amended, is that the record must be filed within 90 days. We find no specific intention of the Legislature, or by implication, to completely overrule this Court's Rule 52, supra.

Petitioner claims he is a physically impaired person and seeks to combine prior and subsequent injuries to the body as a whole that do not result in total permanent disability. He urges that the issue is a question of law, and that the question has been sufficiently presented to this Court by the certified copy of the order above quoted. In his petition for review, he states:

"When it is stipulated that claimant is a 'previously impaired person' claimant is entitled to recover for the material increase of his disability if the prior and subsequent injuries result in such increase of partial permanent disability, in accordance with 85 O.S.1961, Section 172."

In Petitioner's brief he states that he was adjudicated a previously impaired person by reason of an award entered in his behalf on May 27, 1964, and that on July 7, 1967, he was given a subsequent award. There is no record to either affirm or deny these statements.

■ ■ In this case the Industrial Court held that the prior and subsequent injuries were not combinable. Without a record we are unable to conclude that this holding was erroneous either in law or in fact.

■ In Ward v. State Industrial Court, Okl., 395 P.2d 578, and in Smith v. State Industrial Court, Okl., 408 P.2d 317, we held that where a petitioner fails to timely file a transcript of the record of the proceedings before the Industrial Court, this Court will presume that the findings of fact made by the trial tribunal rests on competent evidence so as to be binding and conclusive on review by this Court. We now hold that where the record of the proceedings before the Industrial Court, or so much thereof as is necessary to present for review the legal questions raised by the petition and answer, is not filed in this Court within the time authorized by 85 O.S.Supp.1968, Section·29, the petition for review will be dismissed.

The petition for review is dismissed.

All the Justices concur.