The SEMINOLE COMPANY and Argonaut-Southwest Insurance Company, Petitioners,

v.

Vernon E. YANCEY and the State Industrial Court, Respondents.

No. 45531.

Supreme Court of Oklahoma.

Jan. 9, 1973.

As Corrected on Denial of Rehearing July 3, 1973.

E. W. Keller, Oklahoma City, for petitioners.

Richard A. Bell, Seminole, for respondents.

WILLIAMS, Vice Chief Justice.

This original proceeding seeks review and vacation of the affirmance of a trial judge's order awarding respondent, claimant below, compensation for percentage disability to the body as a whole, resulting from accidental compensable back injury.

Respondent's Form 3 alleged accidental back injury June 28, 1970, and another back injury April 1, 1971, both while employed by petitioner. Continental National American Insurance Company, hereafter CNA, was the employer's insurer on date of the first injury.

The trial judge (July 26, 1971) found respondent was temporarily totally disabled from the accidental injury of April 1, 1971, and ordered petitioners to pay temporary compensation and furnish additional medical treatment. Determination of permanent partial disability was held in abeyance. The order specifically reserved any issue as to CNA's responsibility for future determination. No appeal was taken from this order and respondent received benefits

until October 25, 1971, when discharged by the treating physician.

On November 18, 1971, the trial judge heard the cause on the issue of permanent partial disability. After receiving stipulations the trial judge alluded to prior reservation of CNA's issues and stated:

"And, gentlemen, on the record, whatever the evidence disclosed, the Court will write his Order accordingly. If the evidence discloses that only one company is liable for permanent partial disability, in the Judge's opinion, the Order will be written accordingly."

Petitioners' medical evidence was the treating physician's report. This doctor evaluated respondent's permanent partial disability resulting from accidental injury April 1, 1971 as 5% to the body as a whole. Respondent's physician testified in person, and fixed disability resulting from that injury as permanent and total.

The trial judge entered an order (Nov. 29, 1971) awarding respondent 85% permanent partial disability to the body as a whole. The order contained no finding concerning CNA. Respondent appealed to the State Industrial Court and petitioners then cross-appealed, asking the case be set on the next available docket, of that court.

Prior to beginning arguments on the hearing date, petitioners filed motions for continuance and for remand, which were denied by the court. Motion for continuance was based upon failure to include in the transcript x-ray exhibits, admitted in evidence without objection, but retained by respondent's physician at the trial judge's direction. The court en banc entered an order holding the case in abeyance and continuing same to the next appeal docket. Five days later (Feb. 1, 1972) the court vacated that order and ordered the cause remanded for further consideration. Thereafter (Feb. 3, 1972) the court entered an order affirming the award entered originally by the trial judge.

Three contentions are presented as grounds for vacating the order here reviewed. One contention arises from failure to include x-ray exhibits in the transcript as requested in the court below. Designation of record for this proceeding also requested them. Petitioners insist they were entitled to a complete record prior to presenting argument, and absence of the exhibits precluded proper presentation of argument, and this failure also presents an incomplete record on appeal. Petitioners cite Harry Tidd Const. Co. v. Meade, 156 Okl. 144, 9 P.2d 919, holding when a transcript necessary for determination of the cause in this court cannot be secured, the award will be vacated and the cause remanded.

█ This contention lacks substantial merit. Unquestionably cases might arise when a trial judge's reservation of evidence for a stated purpose might render the record defective, or possibly require remand of the cause for further proceedings. That is not true in this instance. The party who seeks review of an order of State Industrial Court has the burden to supply a transcript of so much of the record of proceedings before that court as may be necessary to enable the Supreme Court to review all questions raised by the petition for review and answer of respondent. Willson v. State Industrial Court (Okl.) 453 P.2d 1017, and Supreme Court rules cited.

██ When a transcript is incomplete, or does not speak the truth, application should be made to the Supreme Court for withdrawal of the record for purposes of correction under supervision of the State Industrial Court. Asplund Const. Co. v. Williams, 150 Okl. 10, 300 P. 755. Had the reserved exhibits been of the importance claimed, the asserted defect readily could have been cured by timely application to this Court. Rules and decisional law require such transcript of proceedings as will enable the Supreme Court to review questions determinative of the issues. No

issue is presented which requires x-ray photo exhibits as basis for determination.

■ Petitioners also contend the order should be vacated because the trial court failed to discharge the mandatory duty requiring specific findings of fact responsive to the issues, as well as conclusions of law upon which an order respecting compensation is made. They cite Reed v. City of Tulsa (Okl.) 397 P.2d 140. This contention results from the trial judge's failure to make any finding concerning CNA's responsibility. The factual situation surrounding CNA's involvement is noted above, and also the trial judge's comment relating to this matter.

After respondent testified in the trial of this case, counsel for CNA demurred to the evidence, because of lack of evidence indicating any disability resulting from injury of June 28, 1970. The trial judge then stated:

"The Court will not make a ruling on your motion at this time because the Court has not read the medical. The Court will indicate the ruling in the Order. In that manner you will be dismissed in the Order or be made a party to any permanent partial disability, if such is present in this case. The Order will reflect it."

Petitioners argue a specific finding was required in relation to this matter. Although a specific finding would have removed the basis for the argument urged, we are of the opinion the trial judge's failure to include a finding in the order does not require vacating the award in this instance. The remarks just quoted must be considered in context of those entered in the record when the hearing opened. The judge's remarks made it clear that, in event the evidence disclosed only one company was liable for permanent partial disability, the order would so reflect. Practically all the evidence introduced related to injury of April 1, 1971, and subsequent treatment. Petitioners' doctor had treated respondent for the first injury, but did not mention that injury when evaluating respondent's disability resulting from the April injury. Evidence relating to the first injury unequivocally established respondent's complete recovery and lack of resulting disability. In Pallesen Const. Co. v. Warren (Okl.) 402 P.2d 256, Syllabus 3 states:

"Where a claimant is asserted to have suffered two different accidental personal injuries while working for different employers, the question of whether either one or both of such injuries is responsible for the resulting disability is one of fact to be determined by the State Industrial Court. The finding of that body on such question will not be disturbed in this court if supported by any competent evidence."

We hold the trial judge's order constituted finding of ultimate facts responsive to the issues. Absent any medical evidence disclosing disability from the first injury, failure to include a finding of CNA's non-liability constitutes a defect which does not require the order to be vacated, especially in view of the trial judge's remarks at trial hereinabove quoted. See Wilkerson Chevrolet, Inc. v. Mackey (Okl.) 366 P.2d 422.

Petitioners also contend respondent's medical proof is inconsistent, equivocal, and insufficient to support the award. The argument is developed from isolated portions of testimony concerning facts of respondent's injury, physician's lack of knowledge of some aspects of prior injury, and misinformation concerning the fact respondent continued working regularly for a month following his April 1st injury.

■ One complaint involves the physician's testimony respondent was injured "lifting rods and other heavy objects". Since respondent testified they were "stacking" rods, petitioners urge the doctor had an inaccurate history of the last injury. This argument is not persuasive in view of other testimony describing work methods involved in lifting rods and plac-

ing them in and removing them from the hanger. The physician's failure to detail the work operation involved exactly as related by respondent is not adequate basis for declaring the history inaccurate and without probative value.

■ Another complaint against the medical evidence insists the physician was unaware how respondent received the first injury, or what treatment was received, and thus could not distinguish the first accident from the last. We do not agree with argument as to incompetency of medical evidence on this basis. This physician had knowledge of prior injury and testified respondent recovered completely without resulting disability. Whether disability resulted from the accidental injury or the prior injury was a question of fact for the State Industrial Court to determine. Its finding will not be disturbed if reasonably supported by competent evidence. Brooks & McConnell, Inc. v. Strong (Okl.) 396 P. 2d 525.

■ The final argument urges medical testimony was not based upon existing facts. This claim results from evidence which showed respondent continued regular work for a month following the last injury. Respondent's doctor testified this fact did not change his opinion respondent was totally disabled. The asserted incompetency of medical testimony fails to take into account other testimony that respondent's condition worsened steadily during this period, and probably was a factor in producing ultimate disability. Despite petitioners' interpretation of medical evidence, we do not find any fatal variance between facts assumed by the doctor and the undisputed facts disclosed by the evidence. H. J. Jeffries Truck Line v. Grisham (Okl.) 397 P.2d 637.

Award sustained.

DAVISON, C. J., and JACKSON, IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.