The CITY OF OKLAHOMA CITY, a Municipal Corporation, Petitioner,

v.

Kenneth Ray POOL, and the State Industrial Court of the State of Oklahoma, Respondents.

No. 51045.

Supreme Court of Oklahoma.

June 27, 1978.

---

1. Section 14 makes further provision: "The Court shall have authority on application of employee or employer or its insurance carrier to order a change of physicians at the expense of the employer when, in its judgment, such change is desirable or necessary; . . . ."

Dick A. Blakeley, Asst. Municipal Counselor, Oklahoma City, for petitioner.

W. Jeffrey Dasovich, Oklahoma City, for respondent.

IRWIN, Justice.

The single issue presented is the propriety of the trial judge's order, affirmed by the Industrial Court en banc, charging costs of deposing claimant's physician against petitioner, the City of Oklahoma City, hereinafter referred to as respondent. State Industrial Court Rule 13, provides:

"The cost of taking the deposition will be borne by the deposing party except where the Court finds that the objection 'o the deposing party's medical report was dilatory or unnecessary. If the Court should so find, it may assess the cost of the deposition to the objecting party."

Claim for compensation alleged injury to left wrist, arm and body as a whole. Respondent denied all allegations of claim, or permanent disability.

Dr. A examined claimant and in his report stated that claimant sustained a fracture of styloid process of the ulna, assessing permanent partial disability to the left wrist at 35%.

Respondent's physician (Dr. J.) in his report stated claimant sustained fracture of ulna styloid of left wrist, fixing permanent partial disability not to exceed 5% permanent partial disability of the hand.

Respondent objected to Dr. A's report, and took his deposition. Claimant moved to tax deposition costs to respondent. The trial judge, based upon a finding that claimant had sustained an injury to his left hand (wrist) entered an order, affirmed on appeal en banc, awarding compensation for 25% permanent partial disability to claimant's left hand. The costs for deposing claimant's physician (Dr. A) were assessed against respondent.

Respondent contends the deposition was necessary since the report of Dr. A was unclear whether disability was to the arm or the hand, and since disability to the wrist is fractional and contrary to scheduled member injuries under 85.O.S.1971, § 22. Therefore, respondent argues the order taxing costs was improper.

The contention is both factually and legally unsound. Both physicians reported x-ray examination of left wrist disclosed fracture of ulna styloid. Claimant's doctor described this as an injury to the wrist, and respondent's doctor likewise stated claimant sustained fractured ulna styloid of the left wrist. Comparison of the medical reports would have revealed both expressed disability resulting to claimant's left hand.

Permanent partial loss of use of a member is compensated by percentile allowance which partial loss of use bears to total loss of the member. Subdivision 3 of the schedule declares loss of an arm between elbow and wrist is considered as loss of a hand. Cases have construed this provision as in *Choctaw Portland Cement Co. v. Lamb*, 79 Okl. 109, 189 P. 750 (1920) where an amputation between elbow and wrist, which did not cause loss of use of remaining portion of the arm, was compensable only by award for loss of the hand. See also *Wilkerson Chevrolet Co., Inc. v. Mackey*, Okl., 366 P.2d 422 (1961).

Medical evidence, measured by settled decisional law disclosed compensation could not have been awarded for disability other than loss of use of claimant's hand. Conclusion that designation of disability as between hand and arm was necessary to proper defense is unfounded. The trial court correctly charged deposition costs against respondent under Rule 13, supra.

ORDER SUSTAINED.

All the Justices concur.