**James L. BROWN, Petitioner,**

v.

**OXY USA, INC. and the Workers' Compensation Court, Respondents.**

**No. 80274.**

Court of Appeals of Oklahoma, Division No. 3.

March 30, 1993.

Rehearing Denied May 4, 1993.

Gary A. Eaton, Tulsa, for petitioner.

Pat A. Padgett, Tulsa, for respondents.

## MEMORANDUM OPINION

HANSEN, Chief Judge:

Petitioner (Claimant) seeks review of the Workers' Compensation Court order find-

ing he had not sustained a change of condition for the worse. We sustain.

Claimant filed his Form 3 on December 14, 1988, alleging carpal tunnel syndrome, possible thoracic outlet syndrome and possible disc and nerve injury. Claimant further alleged the parts of his body which were injured were his "right arm and right hand; possibly neck", and that the injuries were the result of repetitive or cumulative trauma of heavy lifting and working with arms above shoulder level, with June 30, 1988, as the date of last exposure.

On August 23, 1989, the trial court found Claimant had been temporarily totally disabled by a compensable injury to his "right arm and right hand" on June 30, 1988. The court reserved the question of permanent disability.

On April 6, 1990, the trial court determined that as a result of Claimant's injury on June 30, 1988, he had sustained 30 per cent permanent partial disability to his right hand. The trial court found Claimant had sustained no permanent partial disability to his right arm. Neither party appealed this order.

Claimant moved to reopen his case in April 1992, asserting a change of condition for the worse from the June 30, 1988 injury. Claimant sought temporary total disability and additional medical treatment for the right arm in the nature of arthroscopic examination of the right shoulder area.

The trial court found Claimant had not sustained a change of condition for the worse as a result of the June 30, 1988, injury to his right arm or right hand. The court made several specific findings in support of its determination.

Among the findings were that the evidence established the alleged worsened condition was to Claimant's right shoulder, not his arm or hand; that the prior order finding permanent disability did not find an injury to Claimant's shoulder; that all injuries from the June 30, 1988, injury were at issue when the case was tried on permanent disability, causing the shoulder claim to be barred by the doctrine of res judicata; and that any claim for injury to Claimant's right shoulder is further barred by the statute of limitations.

Claimant brings this appeal directly from this latter order of the Workers' Compensation Court. Claimant first contends the trial court's "impermissibly restrictive description of the injury in question as a shoulder injury rather than an arm injury constitutes 'legal hair splitting' ".

In support of this contention, Claimant argues that from the beginning of this claim, he has continually and consistently described the injury as to "his right hand and right arm extending to the shoulder area", and that his medical evidence similarly described the injury.

Claimant also argues the arm, but not the shoulder, is listed as a scheduled member,[1] and that the shoulder is not even referenced in the Workers' Compensation Act[2] (Act) as a body part.

■ Even presuming Claimant arguments to be correct, they are not persuasive as to the ultimate question—"can the Workers' Compensation Court reopen a claim upon an alleged change of condition for the worse when Claimant's medical evidence relates to an injury to the shoulder, and the prior adjudication was an injury to Claimant's arm and hand?". We find the lower court cannot reopen the claim under these circumstances.

Claimant appears to suggest, for the purposes of the Act, that the distinction between the arm and the shoulder is merely semantical. We disagree. Our Supreme Court has recognized a shoulder injury as compensable under the Act in *Lee Way Motor Freight v. Highfill*, 429 P.2d 745 (Okla.1967).

■ The *Highfill* court held a shoulder injury was a disability falling within the "other cases" (unscheduled) category

---

1. See 85 O.S.Supp.1987 § 22(3), which specifically provides compensation for permanent partial disability resulting from certain "scheduled" injuries.

2. 85 O.S.1981 § 1 et seq.

found in 85 O.S.Supp.1987 § 22(3). Therefore, while the shoulder may not be expressly mentioned in the Act, an injury to the shoulder is itself separately compensable under the Act's provisions, and need not be imputed as an impairment of the arm.[3]

■ Claimant does not contend he ever petitioned the lower court for a finding as to his shoulder, nor that he reserved that issue. When a matter is set for hearing on permanent disability, the claimant must indicate what injuries are to be heard and which specifically reserved. *Friar v. Sirloin Stockade, Inc.*, 635 P.2d 597 (Okla.1981). If no injuries are reserved, all injuries are deemed at issue when the case is heard. *Friar*, at 599.

Thus, when the lower court made its permanent disability determination in April, 1990, all of Claimant's injuries arising from his June 30, 1988 accident were at issue. Claimant did not appeal from that order, and it is now final.[4]

Our review of the record reveals the trial court correctly found the evidence would go only to establish Claimant's alleged worsened condition to his shoulder, not his arm or hand. Claimant's medical evidence and his own testimony all relate only to a worsened condition in his shoulder. The purposed medical treatment is to the shoulder.[5]

We find nothing to support a finding of worsened condition relating to Claimant's right arm or hand. Because Claimant was barred from raising the issue of impairment to his right shoulder, and in the absence of evidence to show a change of condition to his right arm or hand, the trial court was correct in denying Claimant's motion to reopen.

Additionally, we are disinclined to give serious consideration to Claimant's contentions here when he failed to raise those issues before the trial court. At the beginning of the hearing leading to the order on appeal, the trial court raised the question of injury to Claimant's shoulder, noting the record reflected previous findings only as to Claimant's arm and hand.

In response to the court's query, Respondents took the position that both res judicata and the statute of limitations would provide a defense to Claimant's assertion of a shoulder injury claim or a change of condition to his adjudicated injuries.

In spite of the trial court's expressed doubts, and Respondent's stated intention to oppose any claim of shoulder injury, Claimant offered none of the theories it now propounds here. In fact, Claimant stood mute on the question, and instead presented his case on the merits, which pertained only to Claimant's shoulder.

It is well settled that a litigant may not remain silent and speculate on the outcome of the trial, and then be heard to complain on appeal. *Missouri–Kansas–Texas Railroad Company v. Callison*, 383 P.2d 696 (Okla.1963).

The order of the Workers' Compensation Court denying Claimant's motion to reopen is SUSTAINED.

HUNTER, J., concurs.

BAILEY, P.J., dissents.

---

**3.** We find instructive the holding of our sister court in *Safeway Stores, Inc. v. Industrial Commission*, 27 Ariz.App. 776, 558 P.2d 971 (1977), which in part states:

> The shoulder is a distinct anatomical entity in medical, legal, and lay understanding. It makes little sense to disregard this distinct entity for purposes of workmen's compensation awards.

**4.** See, 85 O.S.Supp.1986 § 3.6 as it relates to finality.

**5.** *Respondent's* medical evidence at the hearing on the motion to reopen, the report of Dr. F., states in part:

> In reference to the right shoulder, clinical examination revealed no evidence of an occupational injury.