1998 OK CIV APP 168

**William KIRK, Petitioner,**

v.

**AMERICAN AIRLINES, National Union Fire Insurance, and the Workers' Compensation Court, Respondents.**

**No. 91226.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 20, 1998.

Harlan S. Pinkerton, Jr., Tulsa, Oklahoma, For Petitioner.

Michael W. McGivern, Andrew D. Downing, Tulsa, Oklahoma, For Respondents.

## OPINION

HANSEN, Judge.

¶1 Petitioner, William Kirk (Claimant), seeks review of the order of a three judge panel affirming the order of the trial court which denied his claim for change of condition for the worse. Claimant was a mechanic for Respondent, American Airlines (Employer). He was installing seats in an airplane on January 3, 1996 when a set of three seats fell on him. He filed a Form 3 on January 17, 1996, claiming injury to his neck and right shoulder. At trial on his original claim on May 15, 1996, Claimant's counsel announced the issues to be tried were "permanent partial disability ... to the right shoulder and thoracic spine." The trial court found Claimant sustained accidental injury to the right shoulder and back arising out of and in the course of his employment. It found two percent permanent partial disability to the right shoulder and zero percent to the back. Claimant appealed the order but later dismissed his appeal.

¶2 Claimant underwent surgery to fuse three cervical vertebrae on March 13, 1997. On May 23, 1997, he moved to reopen on change of condition. At trial, he sought compensation for injury to his neck and put on medical evidence the neck injury was part of his original injury on January 3, 1996 but did not manifest itself until September 1996. Employer put on medical evidence the neck condition was not caused by the January 3, 1996 accident but by aging. The trial court denied the motion to reopen, stating,

> THAT the Court denies claimant sustained a change in physical condition for the worse to the neck as the issue of a NECK injury was not raised at the original trial.

A three-judge panel affirmed. Claimant appeals.

¶3 Claimant contends his neck condition is an "after-manifested condition" pursuant to Benning v. Pennwell Pub. Co., 1994 OK 113, 885 P.2d 652. In that case, the claimant was awarded compensation for a lower back injury caused by repeated trauma on the job. He later underwent surgery to fuse cervical vertebrae and moved to reopen on a change of condition, alleging the neck injury manifested itself after his last prior award. The trial court found the neck injury related back to the original injury, but a three-judge panel vacated the trial court's order, ruling the claim barred by limitations. The Oklahoma Supreme Court reversed, stating "the review panel failed to make any factual finding concerning the critical nexus, if any there was, of [claimant's] after-manifested pathology in the cervical spine" to his earlier injury. Id. at 655. It characterized the "the presence of a causal nexus" as "the primary, dispositive, and controlling issue of fact," and remanded the matter for a determination of that issue. Id. at 657.

¶4 Employer contends the instant case is like Brown v. OXY USA, Inc., 1993 OK CIV APP 63, 854 P.2d 378. There, the claimant's Form 3 alleged the injured body parts were the "right arm and right hand; possibly neck." The trial court determined claimant had sustained injury to his "right arm and right hand," and awarded permanent partial disability to his right hand. The claimant did not appeal that order. He later sought to reopen on change of condition to his right shoulder. The trial court found "all injuries ... were at issue when the case was tried on permanent disability, causing the shoulder claim to be barred by the doctrine of res judicata...." In sustaining the trial court's order, the Court of Appeals relied on Frair v. Sirloin Stockade, Inc., 1981 OK 117, 635 P.2d 597. There the Oklahoma Supreme Court held, "Unless the injuries are reserved, all of the injuries are at issue when the case is heard." Id. at 599. In Brown, the claimant had not reserved any issues in his original trial and was barred from raising the issue of injury to his shoulder on a motion for change of condition.

¶5 In the instant case, the trial court denied reopening as a matter of law, without making any finding of fact as to the presence of a causal nexus between the claimed after-manifested pathology in the neck and the injury of January 3, 1996. Pursuant to Benning, such a finding is crucial to a determination of Claimant's motion to reopen. Howev-

er, *Frair* prevents Claimant from using a motion to reopen as a ruse to obtain additional compensation for an injury that was at issue and could have been adjudicated at the original trial. Therefore, the trial court must determine whether Claimant's neck injury is the same condition as that alleged on his original Form 3. If so, his claim is barred by *res judicata*. Only if the neck injury is after-manifested **and** progressed from the earlier compensable injury to the right shoulder and back may the motion to reopen be granted. Accordingly, the three-judge panel's order affirming the trial court's order is **VACATED** and this matter is **REMANDED** for further proceedings consistent with this opinion.

ADAMS, J., and BUETTNER, P.J., concur.