2001 OK CIV APP 91

**UNIVERSITY OF OKLAHOMA and State Insurance Fund, Petitioners,**

v.

**Linda Kay STEINBERG and The Workers' Compensation Court, Respondents.**

No. 95,210.

Court of Civil Appeals of Oklahoma, Division No. 4.

July 19, 2001.

R. Dean Lott, Larry C. Brawner, Brawner Law Office, Oklahoma City, OK, for Petitioners.

C.L. "Cindy" McNeely, Tulsa, OK, for Respondents.

TAYLOR, JUDGE:

¶ 1 Employer, University of Oklahoma, and Insurer, State Insurance Fund (collectively referred to as Employer), appeal an order of a three-judge panel of the workers' compensation court affirming the trial court's order finding a compensable change of condition. The issues on appeal are (1) whether Claimant's, Linda Steinberg's, motion to reopen, as it relates to injury to bladder and bowel, is barred, and (2) whether there is competent evidence to support a finding of change of condition to Claimant's back. Having reviewed the record and applicable law, we answer both questions in the affirmative, affirm in part, reverse in part, and remand for further proceedings.

¶ 2 On August 10, 1994, Claimant slipped and fell at work, injuring herself. She timely filed a Form 3, alleging injury to her head, neck, back, shoulders, arms, hips, and legs. On December 21, 1995, the workers' compensation trial court determined that Claimant sustained 15% permanent partial disability to the back and 8% permanent partial disability to the neck as a result of the accidental injury.

¶ 3 On May 14, 1997, Claimant filed a Form 9, asserting a change of condition for the worse. Although Claimant did not specify in her Form 9 the conditions that had worsened, it became apparent that, in addition to claiming a change of condition for the worse to her neck and back, Claimant was alleging a change of condition due to bladder and bowel problems. Employer denied the allegations of change of condition and also asserted that Claimant's motion, as to the bladder and bowel condition, was barred by res judicata and/or the statute of limitations.

¶ 4 On May 8, 2000, the trial court issued an order reopening the claim on a change of condition, finding that "claimant has had a change in physical condition for the worse to the LOW BACK with aggravation of pre-existing gastrointestinal problems affecting the BOWEL and BLADDER." The trial court denied a change of condition to the neck. Employer appealed to the three-judge review panel, which affirmed the trial court's order. Employer appeals the panel's order, arguing that Claimant's motion to reopen as it relates to the bowel and bladder condition is barred by res judicata, and that there is no competent evidence to support a finding of change of condition to the back.[1]

## MOTION TO REOPEN FOR BOWEL AND BLADDER CONDITION

¶ 5 Employer argues that Claimant's motion to reopen for a change of condition for consequential injury to the bowel and bladder is barred either by the statute of limitations or by res judicata. We agree that the claim is barred by res judicata; therefore, we do not address Employer's statute of limitations argument.

¶ 6 In *Brown v. Oxy USA, Inc.*, 1993 OK CIV APP 63, 854 P.2d 378, the claimant filed a Form 3 alleging injury to her right arm and right hand. The trial court found permanent partial disability to the right hand, but none to the right arm. Two years later, the claimant filed a motion to reopen for a change of condition alleging injury to her right shoulder. The Oklahoma Court of Civil

---

1. Claimant also appealed to the three-judge panel the trial court's order regarding the issues of change of condition due to hernias and tempo-rary total disability. However, Claimant does not appeal the panel's order.

Appeals held that the claimant could not reopen for a change of condition to the shoulder when the prior adjudication was for injury to the arm and hand only. *Id.* at ¶ 11, 854 P.2d at 379. The court of appeals based its holding on the claimant's failure to raise the issue of injury to the shoulder in the original proceedings. According to the court, "When a matter is set for hearing on permanent disability, the claimant must indicate what injuries are to be heard and which specifically reserved.... If no injuries are reserved, all injuries are deemed at issue when the case is heard." *Id.* at ¶ 14, 854 P.2d at 380 (citing *Frair v. Sirloin Stockade, Inc.,* 1981 OK 117, 635 P.2d 597 ). Therefore, the court held, all of the claimant's injuries arising from his accidental injury, including the injury to his shoulder, were at issue in the original proceeding, and the claimant was barred from raising the issue of impairment to his right shoulder in a motion to reopen proceeding.

¶ 7 Likewise, in the case at bar, Claimant filed her Form 3 but did not allege injury to the bladder and bowel. Further, prior to the adjudication of permanent partial disability on December 21, 1995, Claimant did not amend her Form 3 to allege bladder and bowel injury, even though it is clear from the record that the condition existed at the time of that hearing. At the December 1995 hearing to determine Claimant's permanent partial disability, Claimant was required to place at issue all injuries arising from the August 10, 1994, accident, including the bowel and bladder injury. Because she failed to do so, she may not raise the injury now in a motion to reopen for a change of condition.

¶ 8 Claimant attempts to save her claim by alleging that her bladder and bowel condition manifested itself after the original December 1995 adjudication. It is true that a motion to reopen is the appropriate vehicle for seeking benefits for a condition that is "after-manifested and progressed from the earlier compensable injury." *Kirk v. American Airlines,* 1998 OK CIV APP 168, ¶ 5, 972 P.2d 883, 885; see also *Benning v. Pennwell*

*Pub. Co.,* 1994 OK 113, 885 P.2d 652 (a reopening claim is authorized where there is a changed condition that unfolds itself after the last prior award). However, it is also clear that, if Claimant knew of the bowel and bladder condition and did not claim it prior to the first award, and disability is the result of the bladder and bowel condition, Claimant cannot obtain an award for the bladder and bowel condition in a reopening proceeding. See *Oklahoma City Tent & Awning Co. v. Malson,* 1961 OK 141, ¶ 11, 362 P.2d 971, 974.

¶ 9 The record clearly shows that Claimant's bowel and bladder condition preexisted the December 1995 adjudication and, therefore, is not after-manifested. In the December 1995 hearing to adjudicate Claimant's permanent partial disability, Claimant's counsel asked her to describe her "problems" relative to the "injuries that [she] sustained on August the 10th." Claimant answered as follows:

> My neck gets really stiff. Holding a phone is a problem to do phone work. I have a lot of tightness in between my shoulders in my back. My low back is constantly painful. I have a lot of pressure that goes down into the rectum, a lot of vaginal pain when the pressure is really intense. I have some sciatic nerve pain in my right leg. I'm having a lot of bowel and bladder spasms. (Emphasis added.)

Further, in the hearing on the motion to reopen, Claimant testified she had had a colonoscopy performed in March 1995,[2] and began having problems after that: "I started having abdominal spasms with activity and movement and back pain, which is what sets all of it off. Moving around gets my back pain so intense. And then I start having bowel spasms." Claimant also described her bladder and bowel complaints as becoming exacerbated after the December 1995 hearing, necessarily indicating that they preexisted the hearing. Finally, Claimant admitted that she "had an element of [the bladder spasms] in '95."

¶ 10 The historical medical records also reveal that bladder and bowel complaints

**2.** The record reflects that the colonoscopy was performed as a precautionary measure because of familial history of colon cancer.

existed prior to the December 1995 hearing and, thus, are not after-manifested. On May 20, 1995, John C. Fucci, M.D., reported that, approximately three weeks after the March 1995 colonoscopy, Claimant began having episodic "crampy pain, which she describes as a spasm sensation associated with copious vomiting." On November 14, 1995, Nicholas D. Mamalis, M.D., reported as follows:

> She related the difficulty she has had with her upper GI series, upper endoscopy and colonoscopy. Her back seems to be the major source of etiology of symptoms, beginning in August of last year and going on until now. Since then, she has been unable to work. She is very disturbed by the nature of these symptoms and change in lifestyle. Her major GI complaints, as you know, are cramping, vomiting at night and irritability of the gut. She does have some diarrhea on occasion. (Emphasis added.)

On November 27, 1995, Dr. Mamalis reported, "We had a long chat regarding these symptoms and her back pain. I feel that even though back pain may be a feature, I do not treat these problems." (Emphasis added.) On March 21, 1996, Dr. Stephen G. Fincher, M.D., one of Claimant's treating physicians, indicated that, beginning in March 1995, Claimant had been having chronic abdominal pain followed by vomiting, which increased over time. According to Dr. Fincher's records, Claimant noted she had not had the abdominal cramps before the colonoscopy in March 1995.

¶ 11 It is clear from Claimant's testimony and from the historical medical records that Claimant's bladder and bowel problems existed at the time of the December 1995 hearing. In fact, the historical medical records from Dr. Mamalis show that, before the December 1995 hearing, the bladder and bowel problems had been linked to Claimant's August 1994 accident. Moreover, although the evidence shows that Claimant's symptoms have indeed increased since the December 1995 hearing, Claimant's symptoms before and after the hearing are similar—mainly, abdominal cramping and spasms followed by vomiting. Thus, because Claimant knew of the bladder and bowel condition and did not claim it prior to the first award, she cannot obtain an award for the bladder and bowel condition in a motion to reopen proceeding.

## CHANGE OF CONDITION TO THE BACK

¶ 12 Employer argues there is no competent evidence to support a finding of a change of condition to the back. Employer argues that the only change that Claimant has had with regard to the back is an increase of pain, which alone is not sufficient to support a change of condition. See *Reeves v. Central Sales Promotions*, 1981 OK CIV APP 35, 632 P.2d 436, and *National Zinc Co. v. Thomas*, 1976 OK 105, 554 P.2d 1.

¶ 13 We will affirm the panel's decision finding a change of condition if it is supported by competent evidence. *Oklahoma Gas & Elec. Co. v. Black*, 1995 OK 38, ¶ 5, 894 P.2d 1105, 1107. Under this standard of review, we simply "canvass the facts, not with an object of weighing conflicting proof to determine where the preponderance lies, but only for the purpose of ascertaining whether those facts support the tribunal's decision." *Id.* at ¶ 6, 894 P.2d at 1107. The panel's order affirming the trial court's finding of a change of condition to the back is supported by competent lay and medical testimony.

¶ 14 Claimant testified that, since the December 1995 award, the pain in her back has become "intense" and "severe," and that "with movement, any sitting, standing, walking, this back pain just becomes debilitating." Claimant further testified the pain is continuous and awakens her at night. According to Claimant, any activity causes pain, which has "restricted [her] whole life" and prevents her from working and taking care of herself. She stated the pain has radiated into her leg and causes numbness.

¶ 15 Claimant's expert witness, Richard A. Hastings, II, D.O., noted that Claimant has constant, severe pain in the low back with radicular symptoms into the lower extremities, and that the pain is worse when doing activities of bending, twisting, walking, prolonged sitting, or lifting. He further noted that Claimant complained of "difficulty getting in and out of chairs and up and down stairs and grades as well as difficulty squat-

ting, kneeling or lifting." Dr. Hastings' range of motion testing in 1999 shows decreased range of motion in the back as compared to the 1995 testing. Finally, although Claimant had reached maximum medical improvement in 1995 (which led to the December 1995 adjudication of permanent partial disability), Dr. Hastings found that she is now temporarily totally disabled. Dr. Hastings concluded that Claimant has sustained a change of condition to the lumbosacral back. The court-appointed physician, Steven E. Gaede, M.D., noted that Claimant "appears to be rather nonfunctional" and has suffered a change of condition for the worse since her rating examination in 1995.

¶ 16 Claimant's testimony and the medical evidence show that Claimant has sustained a change of condition for the worse, not only to her level of pain, but also to her inability to perform most activities, including work, due to the increased pain. Thus, there is competent evidence to support a finding of a physical change to Claimant's back that has lessened Claimant's ability to perform work, that is attributable to the August 1994 injury, and that has occurred since the December 1995

award. Cf. *National Zinc*, 1976 OK 105, ¶ *11*, 554 P.2d 1, 3.

### CONCLUSION

¶ 17 Because Claimant's bladder and bowel condition preexisted the December 1995 award and Claimant failed to present it for adjudication at that time, the panel erred in affirming the award of a change of condition to the bladder and bowel. However, the panel's order affirming the finding of a change of condition to the back is supported by competent evidence.

¶ 18 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

¶ 19 STUBBLEFIELD, P.J., and RAPP, J., concur.