2006 OK CIV APP 84

**BLUE BELL, INC., and Liberty Mutual Insurance Co., Petitioners,**

v.

**Maggie M. SPEAKMAN and The Workers' Compensation Court, Respondents.**

No. 102,197.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 8, 2006.

Daniel J. Talbot, Law Office of Aimee Treece, Oklahoma City, OK, for Petitioners.

Craig Dawkins, Mark E. Litton, Oklahoma City, OK, for Respondent.

Opinion by ROBERT DICK BELL, Presiding Judge.

¶1 Petitioners, Blue Bell, Inc. (Employer) and Liberty Mutual Insurance Co., seek review of an order of a three-judge panel of the Workers' Compensation Court (Panel). The Panel affirmed a trial court order finding Respondent Maggie M. Speakman (Claimant) sustained a change of condition for the worse to her right arm and awarding medical treatment. For the reasons set forth below, we sustain in part and vacate in part the Panel's order.

¶2 In March of 1987, Claimant filed a Form 3 alleging cumulative trauma injuries to both hands and wrists, right arm, and right hand and thumb. In December, 1988, Claimant filed an amended Form 3 alleging injuries to both hands, both arms, her shoulders and her neck. Notably, the amended Form 3 did not mention either of Claimant's thumbs. By order dated June 19, 1990, the Workers' Compensation Court held Claimant suffered job-related cumulative trauma injuries to "the RIGHT AND LEFT HANDS, RIGHT AND LEFT ARMS (with radicular symptoms into both shoulders and neck)...." The date of her last hazardous exposure was found to be May 8, 1985. Claimant was awarded both Temporary Total Disability (TTD) and Permanent Total Disability (PTD) benefits.

¶3 In 2004, Claimant initiated the present proceedings by seeking an order finding she had sustained a change of condition for the worse to both her hands and left arm. Employer admitted a change of condition to the right wrist and agreed to authorize surgery thereon. Employer also agreed to a court appointed independent medical examination to determine whether Claimant had sustained a change of condition for the worse to her left arm. However, Employer denied Claimant's requests for a finding of change of condition for the worse and medical treatment to both hands to the extent Claimant

was seeking treatment for her thumbs. Specifically, Employer argued because Claimant never sought a finding of injuries to or PPD rating for her thumbs in the original proceeding, the statute of limitations and the theory of waiver operated to foreclose any claim for injuries to Claimant's thumbs.

¶ 4 The trial court denied Employer's statute of limitations and waiver defenses and awarded Claimant medical treatment, including surgery, to her right arm. The court specifically held the June 19, 1990, Order's "finding of injury to claimant's RIGHT HAND AND LEFT HAND includes all body parts below the ELBOW and includes claimant's FOREARMS, WRISTS, FINGERS and THUMBS." The trial court specified Employer's "defense denying that the THUMBS were not adjudicated as part(s) of the HAND(S) by the Court in its June 19, 1990, Order is DENIED." The trial court reserved for future determination whether Claimant suffered a change of condition for the worse to her left arm. Employer appealed to the three-judge panel, which affirmed the trial court's ruling by a two-to-one vote.

¶ 5 Employer raises two propositions of error on review. First, Employer urges the Panel erred in awarding medical treatment to Claimant's right arm. Both parties argued before the Panel and now agree on appeal that the order should have authorized treatment to Claimant's right *wrist*, rather than to her right *arm*. It appears the Panel committed something akin to a scrivener's error when it authorized treatment to Claimant's right "arm." *See Townsend v. Dollar Gen. Store*, 1993 OK CIV APP 164, ¶ 28, 864 P.2d 1303, 1308. Therefore, the Panel's order is hereby modified to correct the error to accurately reflect treatment was authorized for Claimant's right "wrist." *Id.*

¶ 6 Employer also argues the Panel erred in ruling Claimant's thumbs were included in the 1990 Order. Workers' compensation laws are purely creatures of statute. *Strong v. Laubach*, 2004 OK 21, ¶ 10, 89 P.3d 1066, 1070. The Workers' Compensation Court "can act only by authority of statute." *Special Indem. Fund v. Davidson*, 1945 OK 287, ¶ 6, 162 P.2d 1016, 1018. "Thus, any allowance of benefits or the restriction upon an award must be given, if at all, by statute." *Strong* at ¶ 10, 89 P.3d at 1070. Furthermore:

A statute-of-limitation issue ordinarily presents a mixed question of fact and law. Even though the trial court's factual determinations relative to the statutory time bar [if supported by any competent evidence] will not be independently reviewed, application of the 85 O.S.1991 § 43 time bar to render a claim not remediable is a conclusion of law and hence is subject to de novo review by this Court.

*Sneed v. McDonnell Douglas*, 1999 OK 84, ¶ 9, 991 P.2d 1001, 1004 (footnotes omitted, bracketed language in original).

¶ 7 Employer argues Claimant had two years from the date of her last hazardous exposure to file a workers' compensation claim for any injuries to her thumbs. 85 O.S.2001 § 43. At both the time of Claimant's last hazardous exposure to trauma and when she brought the present action, thumbs were scheduled members–separate from hands–under the Workers' Compensation Act. 85 O.S. § 22(3)(a) (1981 & 2001). Because Claimant failed to file a claim for any injury to her thumbs for nearly twenty years after her last hazardous exposure, Employer contends § 43 bars any recovery.

¶ 8 Claimant responds that a finding of an injury to the "hand" covers any and all parts of the arm below the elbow. Thus, Claimant urges, her right thumb was included in the court's 1990 finding of an injury to the right hand. As support for her argument, Claimant cites *Wilkerson Chevrolet, Inc. v. Mackey*, 1961 OK 267, 366 P.2d 422. In *Wilkerson*, the claimant's wrist and forearm were injured when an automobile hood fell on it. Medical evidence revealed the claimant fractured his wrist and the trial court awarded PPD benefits for disability to the hand. The employer argued any disability was "due to the elbow" and not the accidental injury. (Although unclear in the opinion, it appears the claimant may have suffered an elbow injury in a separate job-related accident then pending in another workers' compensation proceeding). The Court held "[t]he evidence is undisputed that claimant sustained an acci-

dental injury to the wrist and forearm. Any injury below the elbow may be compensable as a disability to the hand." *Id.* at ¶ 5, 366 P.2d at 424. The Court did not cite any authority for the latter proposition.

¶ 9 The *Wilkerson* opinion has been cited twice in published opinions. One opinion is clearly inapplicable here.[1] In the other case, *City of Okla. City v. Pool,* 1978 OK 96, 580 P.2d 989, the claimant also suffered a fractured wrist and was awarded benefits for disability to the hand. On appeal, the employer argued it should not have been assessed certain deposition costs because the doctor's report was unclear whether disability was to the arm or the hand and because the wrist is not a scheduled member under § 22. In affirming the award, the Court referred to language in § 22(3) regarding amputations. That section provides in relevant part:

> Amputation between the elbow and the wrist shall be considered as the equivalent of the loss of a hand. . . . Amputation at or above the elbow shall be considered as the loss of an arm.

The Court then used "see also" language in citing *Wilkerson. Pool* at ¶ 9, 580 P.2d at 991. Other than the "amputation" provisions, no other statutory language in the Act defines a hand as everything below the elbow. Hands and arms are separately scheduled members under the Act. 85 O.S.2001 § 22(3)(a).

¶ 10 *Wilkerson* and *Pool* are distinguishable from the facts of the present case. Both were appeals from an original order awarding benefits for an injury to the hand where the claimant suffered a fractured wrist. Unlike the present case, neither opinion involved a motion to reopen a case for a change of condition for the worse on a scheduled member not specified in the trial court's original order awarding workers' compensation benefits. It appears *Wilkerson* and *Pool* were based upon the amputation language in the Act. Because an amputation of part of an arm between the wrist and the elbow is considered the loss of a hand, it logically follows that a mere injury to the same part of the arm should only be compensated as an

injury to the hand. On this basis, we believe the *Wilkerson* language is inapplicable to the instant case.

¶ 11 More analogous with the present case is *Finance Oil Co. v. James,* 1941 OK 33, 109 P.2d 818. There, the claimant was injured in a work-related fall in 1922. He claimed and was awarded workers' compensation benefits for an injury to his wrist. In 1938, the claimant moved to reopen his case, alleging injuries to his head and spine arising from the 1922 fall. The evidence revealed the claimant knew of his head and back injuries at the time of his original proceeding, but did not mention the injuries to anyone except the doctor who treated his wrist. The claimant further conceded his back and neck continued to bother him after he returned to work, and that they got progressively worse over the years. *Id.* at ¶ 2, 109 P.2d at 819.

¶ 12 The Court held the original 1922 notice and claim, which referred only to the claimant's injured wrist, was insufficient to confer jurisdiction in 1938 for an award for injuries to the claimant's head and spine:

> [W]here a claimant, at the time an award is made for accidental injuries, knows of injuries other than those for which he is being compensated, and exercises his judgment as to the seriousness of such other injuries and neglects to give notice to his employer within one year after the original accident, such claimant should not thereafter be permitted to recover for such undisclosed injuries.
>
> In the instant case the claimant made no mention of the injury to his back or head, except to the physician who attended him. This was not notice to respondent.

*Finance Oil Co.,* 1941 OK 33 at ¶¶ 4–5, 109 P.2d at 819.

¶ 13 Also instructive is *Brown v. Oxy USA, Inc.,* 1993 OK CIV APP 63, 854 P.2d 378. There, the claimant's Form 3 alleged injury to her right arm and right hand. The trial court awarded PPD benefits for injury to the right hand. Two years later, the claimant filed a motion to reopen for a change of condition alleging injury to her right shoul-

---

1. *Seminole Co. v. Yancey,* 1973 OK 2, 511 P.2d 1093.

der. This Court held the claimant could not reopen for a change of condition to the shoulder when the prior adjudication was for injury to the arm and hand:

> When a matter is set for hearing on permanent disability, the claimant must indicate what injuries are to be heard and which specifically reserved. If no injuries are reserved, all injuries are deemed at issue when the case is heard.

*Id.* at ¶ 14, 854 P.2d at 380, *citing Frair v. Sirloin Stockade, Inc.,* 1981 OK 117, 635 P.2d 597. *Accord University of Okla. v. Steinberg,* 2001 OK CIV APP 91, 29 P.3d 618 (*res judicata* barred reopening case for bladder and bowel problems where claimant was aware of such problems at time of trial, Form 3 did not allege injury to such body parts and order adjudicated PPD for injury only to the back and neck). *See* also *Sneed v. McDonnell Douglas,* 1999 OK 84, 991 P.2d 1001 (statute of limitations barred shoulder injury claim where claimant knew of shoulder pain when he filed his Form 3 for arm and hand injuries but did not list shoulders); *Smith v. Matrix Serv. Inc.,* 2001 OK CIV APP 75, 25 P.3d 298 (statute of limitations barred recovery for neck injury where claimant was aware of injury but failed to specify same on Form 3 which listed other specific body parts).

¶ 14 In the case at bar, Claimant's amended Form 3 gave no notice of any injuries to her thumbs. Claimant admitted she had problems with her thumbs in 1985 and that they have gradually gotten worse over time.

However, Claimant did not seek a finding of injury to either thumb at trial. In fact, the 40 page trial transcript contains no mention of Claimant's thumbs. The medical reports introduced at trial noted Claimant's prior right thumb surgery, but did not include a specific finding of injury or give a PPD rating with respect to either of Claimant's thumbs. Finally, the trial court's June 19, 1990, order did not mention Claimant's thumbs.

¶ 15 On the basis of the foregoing, we conclude the Panel erred in holding Claimant's thumbs were included in the original order awarding benefits for injuries to Claimant's hands. Thumbs and hands are separately compensable members under the Act and case law dictates scheduled members are deemed at issue in the original proceeding unless specifically reserved. Claimant did not mention any injury to her thumbs nor did she reserve such issue in the original proceeding. Accordingly, the statute of limitations has run on any claim Claimant had for injuries to her thumbs.

¶ 16 VACATED IN PART, SUSTAINED IN PART AS MODIFIED.

HANSEN, J., and JOPLIN, J., concur.