DIERKS LUMBER & COAL CO. v. HAGAN et al.

No. 29801.   June 3, 1941.

Rehearing Denied July 1, 1941.

*114 P. 2d 919.*

McPherren & Maurer, of Oklahoma City, for petitioner.

W. P. Morrison and John Morrison, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, J. This is an original proceeding in this court brought by Dierks Lumber & Coal Company, hereinafter referred to as petitioner, to obtain a review of an award which was made by a trial commissioner and approved by the State Industrial Commission in favor of Mat Hagan, hereinafter referred to as respondent.

The award was for a permanent partial disability under the "other cases" clause of the statute. The authority of the State Industrial Commission to make the award and the sufficiency of the evidence to sustain it are the decisive questions presented for consideration.

The record shows that the respondent sustained an accidental injury to his shoulder and right arm on February 5, 1937; that the petitioner furnished necessary medical attention, paid compensation for resulting temporary total disability, and that on July 26, 1938, the State Industrial Commission awarded respondent compensation for the specific injury, the arm. The respondent requested the State Industrial Commission to reopen the cause and to grant him further compensation on the ground of alleged change in condition; that as a result of hearings held on aforesaid application, the award under review was made. The trial commissioner made no finding of change in condition, but found that in addition to the specific injury for which respondent had been previously compensated, respondent had an unclassified disability for which he was entitled to compensation under the "other cases" clause of the statute (subd. 3, § 13356, O. S. 1931, 85 Okla. St. Ann. § 22, subd. 3), and pursuant to said finding awarded compensation at the minimum rate of $8 per week for a period not to exceed 300 weeks.

That the State Industrial Commission may, in a proper case, award compensation for disability resulting from a specific injury and also compensation for an unclassified disability under the "other cases" provision of the statute, supra, is no longer an open question in this jurisdiction. Eubanks v. Barnsdall

Oil Co., 169 Okla. 31, 35 P. 2d 873; Fox v. Brown, 176 Okla. 201, 55 P. 2d 129; Shawnee Cotton Oil Co. v. Bumgarner, 180 Okla. 103, 67 P. 2d 959.

Compensation for unclassified disability under the "other cases" clause, supra, is limited to decrease in wage-earning capacity arising from the injury, distinct from and exclusive of the disability resulting from the specific injury contributing to the decrease in wage-earning capacity. Pine Valley Co. v. Watson, 184 Okla. 498, 88 P. 2d 610.

The respondent claimed two injuries: one a specific injury, resulting in a partial permanent disability to the arm; the other an injury to the shoulder. Compensation is not payable in any event unless there is a resulting loss of use to a specific member or a disability, under the "other cases" clause, producing a decrease in earning capacity. If two compensable disabilities flow from one injury to a particular portion of the body, there are, in legal effect, under the Workmen's Compensation Act, two injuries. The first or original award did not compensate respondent for the shoulder injury as such, but only compensated him for the 25% partial disability existing in the right arm. It is true that the injury to the shoulder, or clavicle, was involved in the resultant permanent partial disability to the arm. In this situation the respondent would be entitled to compensation for the specific injury according to the schedule provided for its classification; he would also be entitled to compensation for a period not exceeding 300 weeks for the injury to the shoulder, based on decreased earning capacity, if any, under the "other cases" clause of section 13356, supra, if such injury, being unclassified, produced a decrease in earning capacity in addition to and exclusive of that caused by the specific injury. It makes no difference that the injury to the shoulder, or clavicle, had contributed to the specific injury to the arm, if in fact it also produced a decrease in earning capacity exclusive of that produced by such specific injury to the arm. If this is true, the respondent

could and should recover for such decrease as a disability not capable of being classified under the specific disability schedule. To do this, in the instant case, he would not have to show, nor did the commission have to find, a change in condition for the reason that the commission had never passed on this claim for the unclassified disability resulting in decreased earning capacity by reason of the shoulder injury. This is a separate and distinct injury or disability from the specific injury to the arm, and is in addition thereto. Fox v. Brown, supra. Pine Valley Lumber Co. v. Watson, supra. The testimony in this case is sufficient to support the finding by the State Industrial Commission:

"That as a further result of the aforementioned accident, claimant has suffered as a result of the injury to the right clavicle a permanent partial disability and decrease in his wage-earning capacity. . . ."

No such determination was theretofore made by the commission, nor did it theretofore determine that said injuries produced no resulting decrease in wage-earning capacity. In the order under consideration, the commission found that there was a decrease in the respondent's wage-earning capacity, but did not find that such decrease was attributable solely to the unclassified injury, nor did it determine what proportion of such was attributable to each or either of said injuries. The evidence discloses a decreased wage-earning capacity attributable to the accident and to respondent's general disability. The general rule is that where the State Industrial Commission finds that there is an unclassified disability in addition to the classified specific injury, and that there was a decrease of wage-earning capacity, it is reversible error unless the commission determines to what extent such decrease in wage-earning capacity is attributable to and resulting from such unclassified injury exclusive of and in addition to any decrease in wage-earning capacity caused by the specific injury. However, in this case the award for the unclassified injury

was fixed at $8 per week for a period not exceeding 300 weeks. Subdivision 5, § 13356, O. S. 1931, 85 Okla. St. Ann. § 22, in part is as follows:

"The compensation payments under the provisions of this act shall not exceed the sum of eighteen ($18.00) dollars per week, or less than eight ($8.00) dollars per week; provided, however, that if the employee's wages at the time of injury are less than eight ($8) dollars per week, he shall receive his full weekly wages; provided, further, that the compensation received as provided under subdivision four of this section shall not, when added to the wages received by such employee after such injury, amount to a greater sum than his average weekly wages received prior to said injury."

The two exceptions set forth in subdivision 5, supra, do not apply to the respondent herein. Except for the above-quoted minimum award provision, which is applicable in this case, it would have been necessary, as above stated, for the commission to have found the proportion of the decreased wage-earning capacity attributable to and resulting from the injury to the shoulder or clavicle exclusive of and in addition to any decrease in wage-earning capacity caused by or attributable to the injury to the specific member, the arm.

The award being for the minimum rate of compensation prescribed by the Compensation Act, the failure of the State Industrial Commission to determine the extent of the decrease in wage-earning capacity attributable to the injury to the shoulder, or clavicle, exclusive of and in addition to the decrease in wage-earning capacity attributable to the specific member, the arm, is not reversible error because same is harmless. The award, therefore, is affirmed.

CORN, V.C.J., and OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. WELCH, C. J., and GIBSON, J., dissent. RILEY, J., absent.