OKLAHOMA CITY TENT AND AWNING COMPANY and Standard Insurance Company, Petitioners,

v.

Edna F. MALSON and the State Industrial Court of the State of Oklahoma, Respondents.

No. 39475.

Supreme Court of Oklahoma.

June 6, 1961.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for petitioners.

Harry R. Palmer, Jr., Schwoerke, Schwoerke & Palmer, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

Edna F. Malson, hereinafter called claimant, obtained two awards for an injury arising out of and in the course of her employment with Oklahoma City Tent and Awning Company. The awards were for temporary total disability and 10 per cent permanent partial disability to the body as a whole. These two awards were paid in full. The final order was dated October 6, 1958, and is in part as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on May 19, 1958, consisting of injury to her female organs due to strain from lifting.

"That at the time of said injury, claimant's wages were sufficient to fix her rate of compensation at $33.84 per week for temporary total disability and $30.00 per week for permanent partial disability, to August 12, 1958, for which period of time claimant is entitled to compensation for 12 weeks and in total amount of $406.08, which amount has all been paid, and on which date temporary total disability ended; that claimant was furnished medical attention at the expense of respondent and insurance carrier.

"That as a result of said injury, claimant has sustained 10 per cent permanent partial disability to her body as a whole, for which disability claimant is entitled to compensation for 50 weeks at $30.00 per week, or the total amount of $1500.00, of which 8 weeks have accrued to October 7, 1958, and shall be paid in a lump sum of $240.00 balance of award to be paid at the rate of $30.00 per week from October 7, 1958."

Thereafter on February 25, 1960, claimant filed an amended Form 3 setting up an injury to the back. After hearings had been commenced thereon claimant elected to proceed on the theory of a change in condition. Following hearings an award was entered which is in part as follows:

"Now on this 7 day of September, 1960, this cause comes on for consideration pursuant to regular assignment and hearing at Oklahoma City, Oklahoma, before Presiding Judge, Harley E. Venters, claimant appearing in person and by her attorney, Harry Palmer, Jr., and respondent and insurance carrier being represented by E. B. Lee; and the Trial Judge, having considered the evidence, records, and being fully advised in the premises, finds:

"That heretofore and on October 6th, 1958, an order was entered herein finding that on May 19th, 1958, while in the hazardous employment of respondent, claimant sustained an accidental personal injury, fixing her compensation rate at $33.84 for temporary total and $30.00 for permanent partial and finding that claimant had been paid temporary total compensation in the amount of $406.08 and furnished medical attention and also found that claimant had sustained 10 per cent permanent partial disability to the body as a whole, being the total

sum of $1500.00. That said order of October 6, 1958 was complied with.

"That the cause comes on here on claimant's motion to re-open on a change of condition for the worse.

"That since the award of October 6th, 1958, claimant has sustained a change of condition for the worse, and is now temporarily totally disabled and in need of further medical treatment, care and attention, and is entitled to compensation for temporary total disability to be paid as follows: Compensation at the rate of $33.84 per week from March 22, 1960, to September 5th, 1960, being 24 weeks, and to continue for and during claimant's period of temporary total disability, not to exceed 300 weeks, or until further order of this Court; that claimant is entitled to be furnished such medical attention as may be necessary for correction of her condition due to said injury, at the hands of a competent physician to be selected by respondent and insurance carrier."

Employer and its insurance carrier, Standard Insurance Company, have brought this proceeding to review the award.

The evidence discloses that claimant sustained serious internal injuries and was hospitalized following her accidental injury of May 19, 1958, and an operation was performed in which there was a removal of the left ovary and tube. There was medical testimony at the hearings prior to the entry of the award of October 6, 1958, that there was low back pain. The claim filed prior to the entry of the award of October 6, 1958, did not mention a back injury. At the hearings prior to the entry of the award of September 7, 1960, there was medical testimony that claimant had a back injury due to the accidental injury of May 19, 1958. There is also evidence in the record tending to disclose that the disability to the back is due to a change in condition after October 6, 1958, the date of the last award.

An award may be entered for a change in condition where there is a disability due to the accidental injury and such disability has occurred since the last award. 85 O.S.1951 § 28.

Temporary total disability may be awarded where it occurs after the last award. Amerada Petroleum Corporation v. White et al., 179 Okl. 82, 64 P.2d 660; Pittsburgh Plate Glass Co. v. Davison et al., 190 Okl. 228, 122 P.2d 388.

Petitioners argue that the back injury was known to the claimant at the date of the filing of the first claim and her right to recover is barred by the holdings of this Court in Tomberlin v. General American Transportation Corp. et al., Okl., 295 P.2d 811. Therein is cited Finance Oil Co. v. James, 188 Okl. 372, 109 P.2d 818, wherein it is held:

"Where a claimant, at the time an award is made for accidental injuries, knows of injuries other than those for which he is being compensated, and exercises his judgment as to the seriousness of such other injuries and neglects to give notice to his employer or assert any claim for compensation therefor within one year after the original accident, such claimant should not thereafter be permitted to recover for such undisclosed injuries."

In Oklahoma Gas & Electric Co. et al. v. Hunsicker et al., 178 Okl. 565, 63 P.2d 21, it is stated:

"Exact precision is not required in describing the nature and extent of accidental injury in a claim of an injured employee filed with the State Industrial Commission. It is sufficient if it states in ordinary language the nature, and cause of the injury. If the evidence before the commission shows other or additional injuries caused by the same accident, such additional injuries may be taken into consideration in awarding compensation. Gypsy Oil Co. v. Jackson, 158 Okl. 139, 12 P.(2d) 694."

This was followed in McCoy Tree Surgery Co. et al. v. Baty et al., 207 Okl. 285, 249 P.2d 409, in which a heart condition was held compensable although not mentioned in the claim. In Woodward County v. Davis, Okl., 282 P.2d 236, 237, it is stated:

"An award made for temporary disability on a claim filed showing an injury to an arm does not prevent a further award for permanent disability by reason of a head injury where the evidence substantially discloses that no injury to the head was known at the time of the filing of the original claim."

In Dierks Lumber & Coal Co. v. Hagan et al., 189 Okl. 210, 114 P.2d 919, and Sinclair Prairie Oil Co. v. State Industrial Commission et al., 178 Okl. 375, 62 P.2d 1027, it is stated that in cases of multiple injuries where all parties are advised of such injuries but an award is made not including all the injuries the presumption is it was the intention of the State Industrial Court to reserve the disability not mentioned in the award and is authorized to make an award therefor at a subsequent date.

■■ It therefore results that if claimant knew of the back condition and did not claim it prior to the first award and the disability is the result of the back condition claimant cannot obtain an award for the back condition. If the temporary total disability is due to the internal injuries for which the award was made on October 6, 1958, it is compensable. If it is due to the back injury which was reported and known to all the parties, it is presumed that it was not adjudicated and an award can be made for the back injury.

■ Petitioners state in their first proposition, and it is pointed out in the argument, that it is the duty of the State Industrial Court to determine what caused the change in condition. We agree. The award does not contain a finding that the change in condition is due to any accidental injury. It is the further duty of the State Industrial Court to determine whether claimant reported the back injury at the time of the hearing on the first claim and also make a finding as to whether the total temporary disability resulted from the internal injuries on which the award of October 6, 1958, was based or whether it is due to the back injury. In Fischbach & Moore of Texas, Inc. v. State Industrial Commission et al., 201 Okl. 170, 203 P.2d 422, it is stated:

"Where the findings of fact of the State Industrial Commission and the order or award based thereon are too indefinite and uncertain for judicial interpretation, the award will be vacated and the cause remanded for further proceedings."

See, also, Corzine v. Traders Compress et al., 196 Okl. 259, 164 P.2d 625.

■ We are unable to determine from the award made whether there was a change in condition which was due to the accidental injury of May 19, 1958, or whether the claim is barred by the act of the claimant.

The cause is remanded to the State Industrial Court with directions to vacate the award and to proceed in accordance with the views herein expressed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.