**Edna F. MALSON, Petitioner,**

v.

**OKLAHOMA CITY TENT & AWNING COM-
PANY, Standard Insurance Company and
the State Industrial Court, Respondents.**

No. 39958.

Supreme Court of Oklahoma.

May 21, 1963.

Schwoerke, Schwoerke & Palmer, Oklahoma City, for petitioner.

Fenton, Fenton, Smith & McCaleb, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

PER CURIAM.

Edna F. Malson, hereinafter called claimant, obtained an award for temporary total disability and permanent partial disability under date of October 6, 1958, for an accidental injury received while employed by Oklahoma City Tent and Awning Company. Thereafter, on September 7, 1960, an award was made which is in part as follows:

"That heretofore and on October 6, 1958, an order was entered herein finding that on May 19th, 1958, while in the hazardous employment of respondent, claimant sustained an accidental personal injury, fixing her compensation rate at $33.84 for temporary total and $30.00 for permanent partial and finding that claimant had been paid temporary total compensation in the amount of $406.08 and furnished medical attention and also found that claim-

ant had sustained 10 per cent permanent partial disability to the body as a whole, being the total sum of $1500.-00. That said order of October 6, 1958, was complied with.

"That the cause comes on here on claimant's motion to re-open on a change of condition for the worse.

"That since the award of October 6th, 1958, claimant has sustained a change of condition for the worse, and is now temporarily totally disabled and in need of further medical treatment, care and attention, and is entitled to compensation for temporary total disability to be paid as follows: Compensation at the rate of $33.84 per week from March 22, 1960, to September 5th, 1960, being 24 weeks, and to continue for and during claimant's period of temporary total disability, not to exceed 300 weeks, or until further order of this Court; that claimant is entitled to be furnished such medical attention as may be necessary for correction of her condition due to said injury, at the hands of a competent physician to be selected by respondent and insurance carrier."

In Oklahoma City Tent and Awning Co. et al. v. Malson, et al., Okl., 362 P.2d 971, this award was vacated with directions.

On a hearing after the receipt of the mandate the State Industrial Court entered an award in part as follows:

"That claimant filed her Form–3 on June 2, 1958, alleging injury as 'Rupture of female organs.' That a hearing was had on this Form–3 before Judge Mildred Brooks Fitch, on June 17, 1958; that Judge Fitch entered an order on June 26, 1958, finding that claimant sustained an injury on May 19, 1958, to her female organs, and ordering temporary total disability payments; that on the 3rd day of October, 1958, hearing was had before Judge Fitch on the question of permanent partial disability; that on the 6 of October, 1958, Judge Fitch entered an or-

der finding that claimant sustained a 10 per cent permanent partial disability to her body as a whole because of the injury of May 19, 1958, to her female organs.

"The court further finds that the claimant did not report the alleged back injury at the time of the hearing on the first claim; the Court further finds that the temporary total disability resulted from the internal injuries, to-wit: her female organs, on which the order of October 6, 1958, was based and not due to any alleged back injury.

"That claimant did not sustain an injury to her back due to the accident of May 19, 1958."

No further evidence was taken after the receipt of the mandate and there is presented here the testimony at the prior hearings. In Oklahoma City Tent and Awning Co. v. Malson, supra, it is stated:

"The evidence discloses that claimant sustained serious internal injuries and was hospitalized following her accidental injury of May 19, 1958, and an operation was performed in which there was a removal of the left ovary and tube. There was medical testimony at the hearings prior to the entry of the award of October 6, 1958, that there was low back pain. The claim filed prior to the entry of the award of October 6, 1958, did not mention a back injury. At the hearings prior to the entry of the award of September 7, 1960, there was medical testimony that claimant had a back injury due to the accidental injury of May 19, 1958. There is also evidence in the record tending to disclose that the disability to the back is due to a change in condition after October 6, 1958, the date of the last award.

"An award may be entered for a change in condition where there is a disability due to the accidental injury and such disability has occurred since the last award. 85 O.S.1961, § 28.

\* \* \* \* \* \*

"It therefore results that if claimant knew of the back condition and did not claim it prior to the first award and the disability is the result of the back condition claimant cannot obtain an award for the back condition. If the temporary total disability is due to the internal injuries for which the award was made on October 6, 1958, it is compensable. If it is due to the back injury which was reported and known to all the parties, it is presumed that it was not adjudicated and an award can be made for the back injury."

Claimant urges that under the holding above it is the duty of this court to remand this cause to the State Industrial Court for a further finding. We agree. In Fischback & Moore of Texas, Inc., v. State Industrial Commission et al., 201 Okl. 170, 203 P.2d 422, it is stated:

"Where the findings of fact of the State Industrial Commission and the order or award based thereon are too indefinite and uncertain for judicial interpretation, the award will be vacated and the cause remanded for further proceedings."

See, also, Corzine v. Traders Compress, et al., 196 Okl. 259, 164 P.2d 625.

The evidence does not support the finding that there is no back injury due to the accidental injury.

We are of the opinion and hold that it is the duty of the State Industrial Court to fix the disability resulting from the back injury or determine that any right thereunder is barred by statute. Either party should be allowed ample opportunity to offer further testimony in support of the issues.

Order vacated with directions.

WELCH, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON and JACKSON, JJ., dissent.