**OIL CAPITOL SHEET METAL WORKS and Mid-Continent Casualty Company, Petitioners,**

v.

**James Arnold ROBINSON and the State Industrial Court, Respondents.**

**No. 42601.**

Supreme Court of Oklahoma.

Nov. 12, 1968.

 

Sanders, McElroy & Whitten, Tulsa, for petitioners.

Harry V. Rouse, Tulsa, G. T. Blankenship, Atty. Gen., for respondents.

BLACKBIRD, Justice.

There is involved here for review an order of the State Industrial Court sitting en banc approving an award of the trial judge allowing the respondent James Arnold Robinson, claimant below, permanent partial disability of twenty per cent to the right foot. Parties will be referred to as they appeared before the State Industrial Court.

On March 16, 1966, claimant filed his form 3 alleging that on February 25, 1966, while working at a hazardous employment for the respondent, he sustained accidental personal injuries described as follows, "right foot and heel crushed and left foot and back". On September 28, 1966, the form 3 was amended, without objections of respondent "to show an injury to the left foot and heel, as well as right foot". The court commented, "So the injury will be right foot and left foot."

The first trial of the case occurred on September 28, 1966. Employment, and maximum compensation rate of $40.00, were admitted. The trial judge entered an award on November 23, 1966. In his order, the trial judge referred to claimant having sustained injuries "to his back, right foot and left foot". Claimant was awarded fifteen per cent disability to the left foot or compensation for 22.5 weeks, amounting to $900.00, and five per cent disability to the back, or compensation for twenty-five weeks, amounting to $1,000.00. The order was silent as to any disability to claimant's right foot. No appeal was prosecuted from the award. It became final and was paid by respondent.

At the request of the claimant, and over the objection of respondent, the case was again set for hearing on April 10, 1967, for the purpose of determining the extent of disability, if any, to claimant's right foot. After hearing evidence, the trial judge on

April 26, 1967, entered a second award allowing twenty per cent permanent partial disability to the right foot, or thirty weeks compensation amounting to $1,200.00. The award was affirmed by the court sitting en banc and this appeal is regularly prosecuted from such order.

Respondent contends that the award entered on November 23, 1966, constituted a final adjudication between the parties as to all injuries sustained by the claimant in the accident occurring on February 25, 1966, subject to a showing of a change of condition, and therefore the State Industrial Court was without jurisdiction to enter a second award on April 26, 1967, allowing the claimant a percentage of disability to the right foot.

The contention of the respondent cannot be sustained. The award entered on November 23, 1966, makes no finding concerning the disability of the claimant to his right foot, although evidence was submitted concerning such disability, and it was one of the issues before the court.

 We have held in several cases that where multiple injuries to different parts of the body, arising out of the same accident, are presented to the State Industrial Court upon evidence relating to all injuries sustained, and such court awards compensation upon one or more of the injuries complained of, but does not make a finding in its award either denying or awarding compensation for other injuries, the court at a subsequent hearing may award compensation for the injuries not included in the ·previous award, without a showing that the claimant has sustained a change of condition. The doctrine of res judicata and estoppel by receiving the payment of the first award is not applicable. The State Industrial Court has jurisdiction to enter a second award for the injuries not included in the first award. Dierks Lumber & Coal Co. v. Hagan, 189 Okl. 210, 114 P.2d 919; Meador & Whitaker Co. v. Davis, 177 Okl. 387, 60 P.2d 753; United States Fidelity & Casualty Co. v. Harrison, 125 Okl. 90, 256 P. 752.

In Meador & Whitaker Co. v. Davis, supra, this court said:

"The fact that when compensation was first awarded it was only for the arm injury did not preclude the commission from making a later additional award for the results from the back injury, as possibly the latter had not developed when that hearing was held. In Fox v. Brown, 176 Okl. 201, 55 P.(2d) 129, 130, we held that: 'In cases where multiple injuries are presented to the State Industrial Commission and that administrative board upon a consideration of the matter awards compensation based upon one or more of the injuries complained of, but fails to make any finding in its order either denying or awarding compensation for other injuries, it is presumed that the injuries not mentioned have not been considered and determined. The commission can thereafter consider and determine what compensation, if any, should be awarded for the injuries not treated in the previous order without a showing that the injured workman has sustained a change of condition. (Citing cases).'"

Claimant cites Capitol Well Servicing Co. v. Levescy, Okl., 371 P.2d 905; Mills v. W. E. Logan & Sons, Okl., 281 P.2d 175; White v. Shell Oil Co., 193 Okl. 374, 143 P.2d 825, and Payne Drilling Co. v. Shoemake, 186 Okl. 345, 97 P.2d 881, holding that after the time for appealing an order of the State Industrial Court, as provided in 85 O.S. 1961, §§ 29, 77, has expired, the order becomes final, and the State Industrial Court has no jurisdiction to correct, change, or review the order in subsequent proceedings. Although legally sound, the cases cited are not applicable here. In the present case, the legality and finality of the order entered November 23, 1966, is not contested. The decisive point here is that the order of November 23, 1966, made no finding with reference to injuries to the right foot and therefore the State Industrial Court had full and complete jurisdiction to enter the order on April 26, 1967, allowing compensation for disability to that foot.

The award is in accord with the law of this jurisdiction as declared by this court in prior decisions, and the record is free from error.

Award sustained.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BERRY and LAVENDER, JJ., concur.

HODGES and McINERNEY, JJ., dissent.