Jerry FRAIR and Workers' Compensation Court, Respondents,

v.

SIRLOIN STOCKADE, INC., and Travelers Insurance Company, Petitioners.

No. 55529.

Supreme Court of Oklahoma.

Oct. 6, 1981.

18. *Moses v. Miller*, Okl., 268 P.2d 900 (1954).

Joe Wheeler, Wheeler, Parsons, Wheeler & Davis, Oklahoma City, for respondents.

Yvonne Sparger Nichols, Looney, Nichols, Johnson & Hayes, Oklahoma City, for petitioners.

HODGES, Justice.

Although several questions were initially presented for review, the only issue presented by the petition for certiorari is whether the trial court erred because it failed to make specific findings concerning the left leg, shoulder, and back of the claimant which were alleged in his Form 3.

Before the adoption of Workers' Compensation Court Rule 19, par. 5,[1] it was held that if there were multiple injuries to different parts of the body which arose from the same accident, an award of compensation for one or more of the injuries without a finding either denying or awarding compensation for other injuries, did not preclude a subsequent award.[2]

Rule 19 requires that the litigants completely fill out the pre-trial stipulation forms. If they are not received, the matter is set for hearing with at least ten days' notice. After notice of the hearing is given, the party who failed to prepare a pre-trial stipulation may not call any witness or introduce any written medical reports unless the failure to file the pre-trial stipulation is excused by the presiding judge or trial judge. However, Forms 9, 10, 11 and 12 may be amended without obtaining the court's permission if they are filed five days prior to the hearing.

The intent of Rule 19 is to eliminate fragmented litigation of claims which arise from the same accident. The validity of the rule is premised on the elimination of prolonged and vexatious litigation, and the promotion of the prompt termination of litigation.[3] If the rules are followed by the parties, the parties will be prepared to complete the case at the hearing, and to prepare for the case which is to be heard. In this instance, the only injuries litigated were to the neck and right arm. No determination was made concerning injuries to the left leg, shoulder and back although they were listed on the Form 3.

The purpose of any judicial proceeding is to afford the opportunity to each person to present evidence and arguments in a forum

1. 85 O.S.Supp. 1979, Ch. 4, App. Rule 19 (effective September 15, 1979).

2. *Oil Capitol Sheet Metal Works v. Robinson,* 447 P.2d 438 (Okl.1968); *Oklahoma City Tent & Awning Co. v. Malson, 362 P.2d 971 (Okl.* 1961); *Dierks Lumber & Coal Co. v. Hagan, 189 Okl. 210, 114 P.2d 919 (1941).*

3. The statute could afford the claimant three additional hearing dates over the next five years. See 85 O.S.Supp. 1978 § 43.

which provides fair and equal justice.[4] It seems not only fair, courteous, and an exercise of due process, but an efficient administration of justice as well, for notice to be given concerning which injuries are in dispute.

■ The Workers' Compensation Court must make specific findings of fact responsive to the issues and conclusions of law when an order is entered granting or denying an award.[5] The trial court erred when it failed to make a specific finding concerning injuries to the left leg, shoulder and back. If the claimant desires to reserve trial on some of the alleged injuries, he/she must indicate this on the motion to set for hearing and specifically reserve the adjudication on the remaining injuries. Unless the injuries are reserved, all of the injuries are at issue when the case is heard. *Oil Capitol Sheet Metal Works v. Robinson, 447 P.2d 438 (Okl.1968); Oklahoma City Tent & Awning Co. v. Malson, 362 P.2d 971 (Okl. 1961); Dierks Lumber & Coal Co. v. Hagan, 189 Okl. 210, 114 P.2d 919 (1941)* are hereby overruled to the extent that they are inconsistent with this holding.

CERTIORARI GRANTED; OPINION OF THE COURT OF APPEALS, DIVISION 2, ORDERED WITHDRAWN; AWARD OF WORKERS' COMPENSATION COURT SUSTAINED AND CAUSE REMANDED WITH DIRECTIONS TO MAKE SPECIFIC FINDINGS ON THE ENUMERATED BUT UNADJUDICATED INJURIES TO THE LEFT LEG, SHOULDER AND BACK.

IRWIN, C. J., BARNES, V. C. J., and LAVENDER, SIMMS, HARGRAVE and OPALA, JJ., concur.

4. *Yuba Heat Transfer v. Wilson, 565 P.2d 674, 676 (Okl.1977).*

5. *Flint Construction Co. v. Woods, 425 P.2d 995, 998 (Okl.1967).*