**HOBBY LOBBY STORES, INC., and Oklahoma Property & Casualty Insurance Guaranty, Petitioners,**

v.

**Michele A. DELANEY and the Workers' Compensation Court, Respondents.**

**No. 81667.**

Court of Appeals of Oklahoma, Division No. 3.

March 8, 1994.

Rehearing Denied May 10, 1994.

Certiorari Denied June 28, 1994.

---

**384**

T. Shane Curtin, William W. Wiles, Oklahoma City, for petitioners.

Wilson Jones, Jones–Zurawik, Tulsa, for respondents.

## OPINION

BAILEY, Judge:

Petitioners Hobby Lobby Stores, Inc. and its insurer (collectively, Employer) seek review of an order of a three-judge panel of the Workers' Compensation Court affirming the Trial Court's award of temporary total disability (TTD) benefits for a specified time period to Michele A. Delaney (Claimant). In this appeal, Employer asserts error below in granting additional TTD after entry of a final and unappealed order establishing the period of TTD.

Claimant sustained an employment-related injury in 1988, and filed her Form 3 claiming TTD from date of injury. After hearing in September 1992, the Trial Court issued its order awarding Claimant TTD benefits from August 1989 to June 1992. Employer appealed to a three judge panel. The appellate tribunal vacated the Trial Court's order for TTD benefits and substituted its own order

finding Claimant TTD from May 21, 1991—the date of evaluation by Claimant's medical expert—to June 1992. Neither party appealed this order.

Claimant subsequently filed a form 9 requesting permanent disability benefits and additional TTD prior to May 21, 1991. The Trial Court heard new, or revised, evidence and entered its order awarding Claimant her requested TTD benefits from August 1989 to May 21, 1991. Employer again appealed to a three judge panel which affirmed the Trial Court's order. Employer now seeks review in this court.

■ In its sole proposition of error, Employer asserts the prior final and unappealed order of the three judge panel conclusively established the period and duration of Claimant's TTD, barring re-litigation thereof. We agree. That is, the first order of the three judge panel established the fact and duration of Claimant's TTD, and the only contemplated method by which Claimant may challenge that determination stood by petition for review under the statutorily prescribed method.[1] While we do not forebear re-opening of a case to recover additional TTD benefits for recurrence of the healing period,[2] we find no authority, nor does Claimant proffer any, authorizing the Workers' Compensation Court to relitigate the issue of duration of TTD once the Workers' Compensation Court has adjudicated that issue, and the order adjudicating duration of TTD has become final.

In the present case, Claimant's initial form 9 requested TTD from the 1988 date of injury, but the three judge panel found TTD commencing in May 1991, and that order became final and conclusive of all issues encompassed therein upon the parties' failure to seek further review thereof. Thus, and barring reservation of the issue of additional TTD predating the three-judge panel's determination, that order stands as conclusively determining the period of TTD to which Claimant is entitled, and the issue of TTD is

---

1. 85 O.S.1991 § 3.6; Rule 31, Rules of the Workers' Compensation Court, 85 O.S.1991 Ch. 4, App.; Rule 1.100, Rules of Appellate Procedure in Civil Cases, 12 O.S.1991 Ch. 15, App. 2.

2. *See, e.g.,* 85 O.S.1991 § 28; *Hondo Petroleum Co. v. Piearcy,* 376 P.2d 1012 (Okl.1962).

thereafter not subject to further consideration.

In this vein, Claimant asserts she reserved the issue of TTD prior to May 21, 1991 in the first hearing before the Trial Court. However, the record reflects no reservation of that issue. That is, Claimant filed her form 9 requesting TTD beginning in 1988, and counsel for Claimant only requested reservation of pre-May 21, 1991 TTD if the Trial Court failed to award TTD benefits for that period. Upon receiving the appellate tribunal's order vacating the Trial Court's order and substituting a TTD period beginning May 21, 1991, Claimant requested an order nunc pro tunc to reflect reservation of the issue of TTD prior to May 21, 1991, but the record reflects the Workers' Compensation Court's specific denial of that request. Thus, absent approval of Claimant's request for reservation, and considering Claimant had previously adduced evidence of TTD prior to May 21, 1991, we hold the first order of the three-judge panel constituted the law of the case on the issue of duration of TTD and not subject to relitigation.

Claimant also argues her entitlement to adduce additional medical evidence of TTD under the authority of Rule 23(E), Rules of the Workers' Compensation Court.[3] That rule, however, only applies to elections to stand on one's medical evidence or cure a defect therein following an objection thereto. In the present case, no objection was made to Claimant's medical evidence. Further, the rule does not in any event authorize Claimant to stand on her evidence if she prevails but adduce additional evidence if she does not prevail.

The order of the three-judge panel awarding TTD for a period pre-dating the prior adjudication of TTD is therefore VACATED.

HUNTER, P.J., and JONES, J. concur.