**Tommy RAMOS, Petitioner,**

v.

**CONOCO, Own Risk, and the Workers' Compensation Court, Respondents.**

**No. 88,010.**

Court of Civil Appeals of Oklahoma, Division 1.

Jan. 21, 1997.

Fred L. Boettcher, Walt Brune, Boettcher Law Offices, Ponca City, OK, for Petitioner.

R. Dale Kimsey, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, OK, for Respondent.

*OPINION*

JOPLIN, Judge:

Claimant/Petitioner Tommy Ramos (Claimant) seeks review of an order of a three-judge panel of the Workers' Compensation Court which affirmed an order of the Workers' Compensation trial court allowing credit for overpayment of temporary total disability (TTD) benefits to Respondent Conoco (Employer). Herein, Claimant asserts previously unappealed and now-final orders of the Workers' Compensation Court conclusively established duration of TTD, and that consequently the Workers' Compensation Court erred in allowing Employer credit for overpayment of TTD against Claimant's award for permanent partial disability. We agree with Claimant, and hold that part of the Workers' Compensation Court order should be vacated.

Claimant filed his initial Form 3 in April 1993 asserting, by subsequent amendments, compensable injury to left ankle, back and neck with psychological overlay. By order filed July 28, 1993, the Workers' Compensation Court found Claimant had indeed sustained compensable injury to his left foot as a result of which Claimant was TTD from April 12, 1993 to date and continuing, and by order filed October 26, 1993, a three-judge panel affirmed. Employer subsequently moved to terminate TTD benefits, which, by order filed March 3, 1994, the trial court denied.

By order filed February 24, 1995, the Workers' Compensation Court thereafter determined that Claimant had sustained consequential injury to neck and low back with psychological overlay, as a result of which "claimant has been temporarily totally disabled from April 12, 1993 [the date of original injury] to November 27, 1994 and from December 15, 1994 and is still temporarily totally disabled and in need of further medical treatment." The trial court thus awarded Claimant additional sums for accrued TTD, with TTD benefits to continue until Claimant's doctor released Claimant from treatment, and reserved the issue of the extent of resulting permanent partial disability (PPD) for future determination. Employer appealed, but a three-judge panel affirmed the trial court's order, and that order became final upon Employer's failure to seek further review.

The issue of PPD came on for trial on March 11, 1996, whereat Employer adduced evidence arguably tending to show that Claimant performed some work for remuneration between August 1, 1993 and October 1, 1993 while Claimant was receiving TTD benefits. Upon consideration of the evidence, the trial court granted Claimant benefits for PPD, against which the trial court allowed Employer credit for over-payment of TTD for the August–October 1993 time period. Claimant appealed to a three-judge panel and asserted error of law and fact by the trial court in allowing the over-payment credit, arguing the Workers' Compensation Court's previous final, unappealed orders determining duration of Claimant's TTD—specifically covering the period for which credit was allowed—constituted res judicata and precluded further litigation on the issue of duration of TTD. The three-judge panel nevertheless affirmed the order of the trial court, and Claimant now seeks review as aforesaid.

■ As an initial matter, Employer asserts Claimant failed to preserve review of propriety of the trial court's allowance of credit by specific allegation thereof in his Petition for Review to the three-judge panel, and has hence failed to preserve the issue for our consideration. *See*, Rule 31, Rules of the Workers' Compensation Court, 85 O.S., Ch. 4, App. However, we have reviewed the record in the instant case, and find Claimant's Petition for Review to the three-judge panel alleging error of both law and fact with specific reference to the paragraph of the trial court's order allowing the over-payment credit sufficiently specific to preserve the issue, not only for three-judge panel review,

but also for review by this Court. *Fowler v. Titus Manufacturing Co.,* 734 P.2d 1309 (Okla.App.1986). We consequently proceed to address the merits of Claimant's complaint.

In that regard, we agree with Claimant, and hold that the Workers' Compensation Court's previous unappealed and now-final specific finding of TTD from April 12, 1993 through November 27, 1994, constitutes the law of the case on the issue of duration of TTD, precluding further inquiry or adjustment thereto by credit allowance at a subsequent hearing on permanent partial disability. *See, e.g., Hobby Lobby Stores, Inc. v. Delaney,* 878 P.2d 383 (Okla.App.1994, cert. den.) We further hold that contrary to Employer's assertion, section 84 of the Oklahoma Workers' Compensation Act which grants the Workers' Compensation Court the "power and jurisdiction" to "make such modifications or changes with respect to former findings or orders relating thereto if, in its opinion, it may be justified," does not extend to orders which have become final and otherwise unappealable. *See, e.g., Higley v. Schlessman,* 292 P.2d 411 (Okla.1956) (authority to modify or vacate previous order only within twenty days of mailing of order); *Lawton Oil & Refining Co. v. Nichols,* 160 Okla. 176, 16 P.2d 585 (1932) (absent change in conditions, compensation award is final on all questions within jurisdiction of Workers' Compensation Court unless action for review is timely commenced). We consequently conclude the Workers' Compensation Court erred as a matter of law in allowing Employer credit for over-payment of TTD benefits for a period during which the court had previously and finally determined Claimant to be TTD. That part of the Workers' Compensation Court's order should therefore be vacated.

The order of the Workers' Compensation Court allowing Employer credit for over-payment of TTD is therefore VACATED.

HANSEN, P.J., and BUETTNER, J., concur.