1999 OK CIV APP 56

**UNIROYAL GOODRICH TIRE COMPANY, OWN RISK,**
Petitioner,

v.

**Amiegene KEMP, and the Workers' Compensation Court,**
Respondents.

No. 91,968.

Court of Civil Appeals of Oklahoma, Division No. 1.

March 5, 1999.

Certiorari Denied May 11, 1999.

---

3.   42 U.S.C. §§ 4601 *et seq.*

R. Ted Leslie, and Lisa H. Blodgett, McKinney & Stringer, Oklahoma City, Oklahoma, For Petitioner.

John R. Colbert, Ardmore, Oklahoma, and Robert Highsaw, Midwest City, Oklahoma, For Respondents.

## OPINION

ADAMS, Judge:

¶1 Michelin North America, Inc.,[1] asks for review of an order reopening a claim to allow Claimant Amiegene Kemp additional medical treatment. In a March 18, 1994 order, the Workers' Compensation Court awarded Claimant permanent partial disability benefits for a 1993 cumulative trauma injury to her back. The parties agree Claimant filed a 1998 claim (new claim) in which she alleged she had sustained a new cumulative trauma injury to her back. The Workers' Compensation Court entered an order on March 2, 1998, in the new claim, finding that she had not sustained a new injury to her back. That order is now final.

¶2 In April of 1998 Claimant filed a motion to reopen the 1993 claim, and a copy of the transcript from the hearing on the new claim was admitted into evidence at hearing. The workers' compensation court trial judge found Claimant had sustained a change in the physical condition of her back for the worse and authorized additional medical treatment. Michelin filed an *en banc* appeal, and the three-judge panel affirmed the trial judge.

¶3 In this review proceeding, Michelin argues Claimant should have moved

---

1. The employer responding to the 1993 claim was Uniroyal Goodrich Tire Co., and the 1994 order is addressed to that entity. The change of corporate name is not reflected in the record transmitted on appeal, other than the statement of counsel during hearing that the company formerly known as Uniroyal Goodrich is now Michelin. The order under review is also addressed to Uniroyal Goodrich. However, in these proceedings, Respondent identifies itself as Michelin, and we do likewise.

to reopen her 1993 claim in the new claim proceedings but instead elected to proceed on the issue of whether she had sustained a new injury. Having so elected, Michelin claims, she should now be estopped by *res judicata* from arguing that she has had a change of condition. It is not disputed that in the new claim Michelin denied Claimant had a new cumulative trauma injury to her back and argued, in the alternative, that her symptoms were a progression of her 1993 injury and that she should have filed to reopen her 1993 claim. Michelin points to this in support of its argument that *res judicata* applies. That doctrine bars a second action where the parties and the two causes of action are the same.[2]

¶ 4 Michelin argues that the parties, issues, remedies, exposure to injury, and injury are the same in the new claim and this one and therefore the *res judicata* doctrine applies. Further, Michelin argues, *Frair v. Sirloin Stockade*, 1981 OK 117, 635 P.2d 597, makes clear that unless an injury is reserved for future determination, all injuries are at issue when a claim is heard. On the facts of this record, *Frair* provides no support for Michelin's arguments. In *Frair* the injured worker alleged he had suffered injuries to *different* parts of his body. Hearing proceeded, and the resulting order addressed only some of the alleged injuries. None were reserved for future determination. All the injuries were deemed to be at issue when the case was heard, and it was held the trial court erred in not entering specific findings as to each alleged injury. Here, injury to different parts of the body is not a factor.

¶ 5 Under the doctrine of *res judicata*, parties are barred from revisiting issues which were determined in a prior proceeding or which could have been raised in prior proceedings. *Wilson v. Kane*, 1993 OK 65, 852 P.2d 717. Michelin contends Claimant could have reopened her 1993 claim from within the new claim proceedings. To do so would require Claimant to plead, alternative-

ly, that she either had a new injury or had experienced a change of condition for the worse. Michelin has cited us no authority, and we have found none, which would authorize proceeding on such alternate theories in the same case. Claimant's motion to reopen was not barred by *res judicata* or estoppel by judgment.

¶ 6 Michelin also argues the order is not supported by competent evidence and is erroneous as a matter of law. Michelin points to apparent inconsistencies between two reports of Dr. John W. Ellis in support of its contention that Dr. Ellis' reports are not credible and not probative. Those reports, though in evidence, were but attachments to the primary medical evidence from Dr. Ellis—his deposition. *See Orrell v. B.F. Goodrich*, 1990 OK 13, 787 P.2d 848. "The opinion of a medical expert need not be given in categorical terms nor in the precise language of the statute. *A trial tribunal's award rests on competent evidence when it is supported by the general tenor and intent of the medical testimony.*" *Bama Pie, Ltd. v. Raes*, 1995 OK 122, ¶ 11, 905 P.2d 811, 815. (Footnote omitted, and emphasis in original). In his deposition, Dr. Ellis makes clear it is his opinion that Claimant's condition has changed for the worse due to increased muscular tightness and that medical treatment is both appropriate and necessary. The order is supported by competent evidence.

¶ 7 Michelin has not demonstrated the order of the Workers' Compensation Court is contrary to law or unsupported by any competent evidence. Accordingly, the order is sustained.

SUSTAINED.

HANSEN, P.J., and CARL B. JONES, C.J., concur.

---

2. Where the two causes of action are different, the litigants are estopped by judgment to deny only those matters which are common to both suits. " 'Where an estoppel by a former judgment rendered upon one cause of action is sought to be applied to matters arising in a suit on a different cause of action, the inquiry is whether the question of fact in issue in the latter case is the question of fact actually determined in the former action, and not what might have been litigated and determined therein.' *Harding v. Taylor*, Okl., 272 P.2d 443; *Johnson v. Whelan*, 186 Okl. 511, 98 P.2d 1103." *Wabaunsee v. Harris*, 1980 OK 52, n. 6, 610 P.2d 782, 785, quoting *Runyan v. City of Henryetta*, 1958 OK 3, ¶ 8, 321 P.2d 689, 693.