2000 OK CIV APP 78

**Joe Ray BROWN, Petitioner,**

v.

**NCI, INC., Petrosurance Casualty Company, and the Workers' Compensation Court, Respondents.**

No. 94,031.

Court of Civil Appeals of Oklahoma, Division No. 3.

May 12, 2000.

Patricia F. Brion, Dawkins Law Firm, Oklahoma City, Oklahoma, For Petitioner.

Trent W. Keller, Keller, Keller & Dalton, Oklahoma City, Oklahoma, For Respondents.

OPINION

ADAMS, Judge:

¶ 1 Claimant Joe Ray Brown (Claimant) was injured on September 8, 1995, when a steel beam fell 10–12 feet, striking his head, which was covered by a hard hat, and upper back and knocking him to the floor, where he hurt his left elbow and left knee. At the time of this incident, Claimant was working for NCI, Inc.[1] (Employer) as a welder and

---

1. We use "NCI, INC.," the corporate name used by this respondent in its "Response to Petition for Review" and throughout the pleadings filed in the appellate record, instead of "MCI,

millwright. Claimant received treatment for his injuries, and three weeks later, filed a workers' compensation claim, listing injuries to his "head and knee." His claim was amended on April 16, 1997, to include injury to his upper back. An Order for Medical Examination was filed on February 13, 1998, requesting evaluation of Claimant's alleged injuries to the "NECK, HEAD AND BACK."[2]

¶2 At a hearing on the compensability of Claimant's alleged injuries, authorization for surgery on his low back, and continuation of temporary total disability compensation, Employer admitted injury to Claimant's neck, left knee and left elbow, but denied "any injury to the low back or any notice thereof in this claim." After argument concerning Claimant's failure to file a Form 3 that listed a low back injury, the trial court granted, over Employer's objection, Claimant's request to amend his claim to include that alleged injury, reserving the decision of its compensability until all the evidence was presented.

¶3 In an order filed on July 19, 1999, the workers' compensation trial judge found, in paragraph 1, that "on September 8, 1995 . . . [Claimant] sustained an accidental personal injury to the LEFT LEG (KNEE), LEFT ARM (ELBOW), NECK and LOW BACK arising out of and in the course of [Claimant's] employment" with Employer. After awarding Claimant temporary total disability benefits, the trial judge further found, in paragraph 5, that Claimant "is in need of further reasonable and necessary medical care specifically including surgery to his LOW BACK," and in paragraph 6, that Employer "is to provide [Claimant] with further medical care and treatment including LOW BACK surgery under the supervision of [Dr. O]."

¶4 Employer filed an *en banc* appeal, alleging, *inter alia,* that the trial court "abused its discretion by allowing [Claimant] to add the lower back as a body part *years* after the claim was filed" (emphasis in original) and "erred in finding [Claimant] sustained injury to the low back." Finding that parts of the July 19, 1999 order were contrary to law and against the clear weight of the evidence, the three-judge panel, by a divided vote,[3] vacated paragraphs 1, 5 and 6, and in lieu of paragraph 1, entered the following paragraph:

> THAT on SEPTEMBER 8, 1995, [Claimant] was employed by [Employer] and such employment was subject to and covered by the provisions of the Workers' Compensation Act of the State of Oklahoma; and on said date [Claimant] sustained accidental personal injury to the LEFT LEG (KNEE), LEFT ARM (ELBOW), AND NECK arising out of and in the course of [Claimant's] employment.

The panel's order finally held that "the order filed herein on JULY 19, 1999, as modified, shall remain in full force and effect as the order of this Court."

¶5 Claimant then filed this review proceeding, arguing that the panel's order is defectively vague and non-responsive to the central issue at trial, *i.e.,* the issue of compensability of the low back, and the case should be remanded to address that specific issue. We agree.

¶6 The Workers' Compensation Court is required to make specific findings of the ultimate facts responsive to the issues formed by the evidence as well as conclusions of law upon which its order is to be rested. When these elements are not present in a

---

INC.,"as used within the style of the orders filed by the Workers' Compensation Court and the Court *en banc.*

**2.** Because the report of the independent medical examiner (IME) recommended surgery to Claimant's "lower back," the trial court, by letter dated February 24, 1999, acknowledged that the original order did not address the issue of causation and requested the IME to "consider whether the current need for surgery is as a result of this accident, some prior accident and injury which

has progressively worsened, or a combination thereof."

**3.** The dissenting panel member explained that he "would remand to the Trial Judge for further hearing and findings to determine whether or not in the Court's discretion good cause was shown by the claimant that would excuse his failure to give proper statutory notice of injury to his LOW BACK. Otherwise, claim for LOW BACK injury should be DENIED. See 85 O.S. 24.2 (effective September 1, 1990)."

panel's order or are too vague and uncertain for judicial interpretation, we will not hypothesize about the evidence upon which the trial tribunal may have relied to arrive at its decision. *Benning v. Pennwell Publishing Company,* 1994 OK 113, 885 P.2d 652.

¶ 7 The order under review, as modified by the panel, does not address Claimant's contention that his low back was injured in this accident or the notice defense raised by Employer. At least where a timely petition for review has been filed, we do not treat the order's silence as a denial. *See Frair v. Sirloin Stockade, Inc.,* 1981 OK 117, 635 P.2d 597, where the Court remanded the case for entry of an order expressly addressing claimed injuries which were not addressed in the order under review.

¶ 8 Even if we were able to treat the panel's action in vacating portions of the trial judge's order as a denial, we still cannot determine whether the panel rejected, as a matter of law, the trial judge's granting of Claimant's request to amend his Form 3 or its *factual* finding on the compensability of Claimant's "low back" injury. As in *Frair,* we sustain the panel's order insofar as it awards Claimant benefits for injuries to his left arm, left leg, and neck, but remand the case for entry of an order addressing Claimant's contention that he suffered a low back injury in this same incident, including Employer's notice defense.

¶ 9 SUSTAINED AND REMANDED

¶ 10 HANSEN, V.C.J., and JOPLIN, J., concur.