2017 OK CIV APP 19

**Jewel KELLEY, Petitioner,**

v.

**WOLVERINE TUBE, INC., Twin City Fire Insurance, and The Workers' Compensation Court of Existing Claims, Respondent.**

**Case Number: 115283**

Court of Civil Appeals of Oklahoma, Division No. 2.

Decided: 03/15/2017

Mandate Issued: 04/17/2017

John R. Colbert, J. COLBERT & ASSO-CIATES, Ardmore, Oklahoma, for Petitioner

Laurie D. Judy, Molly E. McClure, HORNBECK VITALI & BRAUN, P.L.L.C., Oklahoma City, Oklahoma, for Respondents

JERRY L. GOODMAN, JUDGE:

¶1 Claimant Jewel Kelley seeks review of the August 11, 2016, three-judge panel of the Court of Existing Claims' order vacating the trial court's March 23, 2016, order. The trial court found Claimant's work-related low back injury compensable and awarded benefits. The panel vacated that decision and denied Claimant was entitled to compensation. Claimant seeks our review.

## BACKGROUND

### I. Prior Claim

¶2 The record reveals that in May 2011, Claimant became aware of pain in her neck and both hands arising from a work-related cumulative trauma injury. She notified Employer Wolverine Tube and continued to work. However, by mid-June she became aware of a new pain in her low back. She and Employer agreed Claimant should go to the emergency room. She did so on June 15, 2011, where she presented with a claim of neck pain with an additional complaint of low back pain beginning one day prior.[1] It was on that date she was informed of a cumulative trauma injury to her low back. She did not return to work immediately, and later had a two-level cervical fusion on her neck.[2] She then returned to work for Employer.

¶3 On September 29, 2011, Claimant filed claim No. 2011-10487L, alleging an injury to her "neck, both arms; both hands, low back" arising from a cumulative trauma injury with date of "termination" from employment of June 15, 2011.[3] On October 1, 2012, that claim was tried only on the issue of cumulative trauma injury to her neck and right and left hands with date of awareness of May 2011 and date of last exposure of June 15, 2011.[4] Except for one reference to her low back pain in June 2011, the evidence presented by Claimant was in support of her neck injury.

¶4 After a review of the evidence, the trial court issued an order, filed October 9, 2012, awarding Claimant benefits.[5] The order found Claimant experienced a work-related cumulative trauma injury to her neck, left and right hands with the date of awareness of May 2011. This order did not address the low back claim listed on the Form 3. The order was not appealed and is now final.

### II. Current Claim

¶5 Claimant's August 13, 2015, Form 3 alleged she suffered a work-related, cumulative injury to her back while working as an operator for Employer, with a date of last exposure of June 15, 2011.[6] This was the same alleged back injury she testified to in 2011, but which was not addressed in the first award in 2012.

¶6 Employer denied the claim on December 10, 2015, raised the defense of issue preclusion, alleged the back injury was not adjudicated in the 2012 order, and was not reserved in the 2011 hearing. Therefore, Employer argued the back injury claim was waived and could not now be heard in the second claim.

---

1. Record, p. 78, 11.21-24.

2. Following recovery, Claimant later returned to work for Employer, where she remains employed. This date is also the last date of exposure for her current claim.

3. See n. 2.

4. Record, p. 70, l. 25, p. 71, 1. 1.

5. R. 64.

6. This date is more properly denominated as Claimant's date of awareness. However, date of awareness is not an option on the pre-printed Form 3. Claimant's date of last exposure was August 12, 2015, making her August 13, 2015, filing timely for purposes of the statute of limitations. See, Order, R. at 11.

¶ 7 An evidentiary hearing on the issue of compensability for the back injury was held March 7, 2016. In an order filed March 23, 2016, the trial court, after finding Claimant to be a credible witness, found she suffered a work-related accidental personal injury to the low back as a result of cumulative trauma with the date of awareness of June 15, 2011, and last injurious date of exposure of August 12, 2015.[7] The trial court denied the issue preclusion defense, reserved rates of compensation for a future hearing, and ordered medical treatment.

■ ¶ 8 Employer sought review on March 30, 2016, setting out portions of the trial court's order which it disputed, arguing the "findings ... are against the clear weight of the evidence, and are unsupported by the medical, documentary, and testimonial evidence."[8]

¶ 9 On August 11, 2016, the panel found the March 23, 2016, order to be contrary to law and against the clear weight of the evidence and vacated that order. The panel denied the low back claim, finding Claimant had previously filed a cumulative trauma low back claim before the most recent date of injury and the prior claim was not adjudicated at the trial for the cumulative injury. The panel granted Employer's claim preclusion/res judicata defense and vacated the trial court's order awarding benefits.

¶ 10 Claimant seeks our review.

## STANDARD OF REVIEW

Whether the doctrine of claim preclusion prevents appellants from re-litigating their state claims is usually a mixed question of law and fact. "[A] deferential standard of review applies to resolutions of disputed facts when supported by reasonable evidence; an independent judgment standard of review applies to the ultimate conclusion that these facts do or do not trigger preclusion." *AJ Bayless v. Industrial Commission of Arizona*, 179 Ariz. 434, 880 P.2d 654, 659 (App.1993). Here, since the underlying facts are not disputed, the question is solely one of law which we review *de novo*. *Id.*

*Barker v. State Ins. Fund*, 2001 OK 94, ¶ 6, 40 P.3d 463, 466.

## ANALYSIS

■ ¶ 11 The single issue before this Court is whether Claimant's 2011 back injury claim was waived when her claim for a neck injury was tried in 2012. If so, her 2015 claim for the same back injury is precluded by operation of the doctrine of issue preclusion. If not, her 2015 claim may proceed. We find no waiver occurred. We hold the panel erred as a matter of law when it vacated the trial court's order.

¶ 12 Claimant admits listing her back, as one of several injured body parts, in her 2011 Form 3.[9] As set out above, however, it is clear that she did not experience back pain until the day before she presented herself to the emergency room in June, one month after she became aware of a cumulative trauma injury to her neck in May. At trial, she did not seek any benefits associated with the

---

7. The record suggests Claimant remains employed.

8. Normally, a Request for Review must contain "[a] specific statement of each conclusion of law and finding of fact urged as error. General allegations of error do not suffice." Workers' Compensation Court Rule 60. Here, because Employer set out the specific trial court findings it contends was error, its otherwise general allegations of error are enough to satisfy this rule. *See, Ramos v. Conoco*, 1997 OK CIV APP 4, 934 P.2d 377: ("Petition for Review to the three-judge panel alleging error of both law and fact with specific reference to the paragraph of the trial court's order ... sufficiently specific to preserve the issue, not only for three-judge panel review, but also for review by this Court."), *id.* at 5, 378–79.

9. Claimant was represented by different counsel in 2011. The inclusion of the June back injury with the May neck injury in the September Form 3 is undisputed, but unexplained in the record. Claimant's new counsel argues an inference can be drawn from the record that when the Form 3 was drafted, Claimant included all work-related injuries she was then experiencing, without regard to date of awareness. Only after reviewing the records, argues Claimant, did her former attorney realize the back injury was separate from the neck injuries, and therefore could not try the two separate injuries in the same claim. Employer responded by arguing such an inference is not supported by the silent record.

back injury, as this was a separate injury. Nor could she have reserved that back injury for a future hearing associated with her previous neck injury. She had no evidence linking her June back injury to her May neck injury, which was the focus of the hearing, as none existed. It also follows that the trial court could not have adjudicated her June back injury with the injuries associated with the May 2011 date of awareness. That would require a new claim.

¶ 13 In a workers' compensation case,

> The [*CNA Insurance Company v. Ellis*, 2006 OK 81, 148 P.3d 874] opinion makes it clear that "the date of awareness in cumulative trauma cases has been [and remains] the determinative date in ascertaining disability." *Id.* at 8, 148 P.3d at 876. Like the Court in *Ellis*, we conclude that the date of awareness continues to be the determinative date of injury in cumulative trauma cases, because "no legislation passed since [the rule of awareness] was [last] decided indicates that the Legislature disagrees with [this] rule." *Id.* at 9, 148 P.3d at 877.

*Am. Airlines Inc. v. Crabb*, 2009 OK 68, ¶ 8, 221 P.3d 1289, 1291. In this case, Claimant became aware of two injuries in 2011: the first, to her neck and hands, in May; the second, to her low back, in June. The trial court's 2012 order adjudicates the first, but not the second. It is the trial court's 2016 order, from which this appeal is taken, that adjudicates the second.

¶ 14 Claimant's June 2011 back injury could not be tried with the May 2011 neck and hand injury.

> Generally, every injury from a cumulative trauma which is known to a Claimant, *and which accrues on the same date*, is deemed to be "at issue" when the issue of permanent disability is tried."

*Sooner State Optical, Inc. v. Blackburn*, 2006 OK CIV APP 98, ¶ 11, 141 P.3d 577, 581 (emphasis added). Further,

> Consequently, all injuries from a cumulative trauma which accrue on the same day must be considered as one overall injury. *See Rhea v. Southwest Cupid*, 1998 OK CIV APP 97, ¶ 13, 969 P.2d 1000, 1003.

*Id.* at 11, at 581.

¶ 15 We reject the application of *Frair v. Sirloin Stockade, Inc.*, 1981 OK 117, 635 P.2d 597, as dissimilar to the facts in this case. In *Frair*, the "the only injuries litigated were to the neck and right arm. No determination was made concerning injuries to the left leg, shoulder and back although they were listed on the Form 3." *Id.* at 1, at 598. While at first this may appear to be similar to the case before us, *Frair* specifically noted that:

> The intent of Rule 19 [requiring all issues to be tried at once unless reserved] is to eliminate fragmented litigation of claims which arise *from the same accident*. The validity of the rule is premised on the elimination of prolonged and vexatious litigation, and the promotion of the prompt termination of litigation.

*Id.* 4, at 598 (emphasis added). Further, Employer uses *Frair* in support of its argument much like the employer used it in *Uniroyal Goodrich Tire Co., Own Risk v. Kemp*, 1999 OK CIV APP 56, 984 P.2d 251, 253, a case in which the Court of Civil Appeals rejected that argument. The *Kemp* Court held:

> Michelin argues that the parties, issues, remedies, exposure to injury, and injury are the same in the new claim and this one and therefore the res judicata doctrine applies. Further, Michelin argues, *Frair v. Sirloin Stockade*, 1981 OK 117, 635 P.2d 597, makes clear that unless an injury is reserved for future determination, all injuries are at issue when a claim is heard. On the facts of this record, *Frair* provides no support for Michelin's arguments. In *Frair* the injured worker alleged he had suffered injuries to different parts of his body. Hearing proceeded, and the resulting order addressed only some of the alleged injuries. None were reserved for future determination. All the injuries were deemed to be at issue when the case was heard, and it was held the trial court erred in not entering specific findings as to each alleged injury. Here, injury to different parts of the body is not a factor.

*Id.*, 4, at 253. For those same reasons, we reject the application of *Frair* to this case.

¶ 16 Employer argues:

> However, Petitioner does not dispute the fact that she was aware of an injury to her low back at the time of trial in October of 2012. In other words, the alleged injury to the low back in the present claim *could,*

*and should, have been litigated in a prior action which resulted in a final judgment on the merits.*[10] (italics in original).

¶ 17 While it is true Claimant admitted knowing about her low back injury when she tried her neck and hand claim, as explained above, she could not have litigated her June 2011 low back claim at the same time she was litigating her May 2011 neck and hand injuries, as they were two separate injuries. Employer's argument is rejected.

## CONCLUSION

¶ 18 The three-judge panel's August 11, 2016, order is vacated, the trial court's order is reinstated, and the case is remanded to the Worker's Compensation Court of Existing Claims trial court for further proceedings.

¶ 19 **VACATED AND REMANDED.**

FISCHER, P.J., and RAPP, J., concur.

**10.** Answer Brief, Nov. 15, 2016, p. 4